# Romano & Associates
## *Attorneys at Law*
400 Garden City Plaza, Suite 432
Garden City, New York 11530
(516) 248-8880   Fax (516) 740-0866
www.romanofirm.com
*Admitted to N.Y. & N.J. Bar*

July 10, 2015

<u>*Via ECF*</u>
Magistrate Judge Arlene R. Lindsay
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

   Re: Amjad Saiyed v. Archon, Inc., and Archon Distribution Inc., et al.
      United States District Court, Eastern District of New York
      Docket No. 2:14-CV-06862 (JS) (ARL)

Dear Magistrate Lindsay:

  Our firm represents plaintiff Amjad Saiyed (the "Plaintiff") individually and on behalf of all others similarly situated, in the above-referenced action.

  Pursuant to the Electronic Order of Hon. Judge Joanna Seybert dated July 6, 2015 (Docket #25 - attached hereto for your convenience), we are contacting your courtroom seeking to expedite a trial of Plaintiff's claims and hold an early case management conference.

  An expedited trial is appropriate because prompt relief is needed to protect Plaintiff's rights, as Plaintiff's eligibility to remain in the United States on his current H-1b Visa expires July 29, 2015, as evidenced by the approval notice annexed hereto. Below, Plaintiffs set forth substantial evidence that Patel is purposefully delaying the progress of this litigation until Plaintiff is required to return to his native country. Upon expiration of Plaintiff's current H-1b Visa, Plaintiff has no additional grounds to remain in the country lawfully. Any time Plaintiff remains in the country past July 29, 2015 will result in Plaintiff being barred from retuning for up to 10 years. Defendants, sponsors of many H-1b visas, know the regulations and deadlines and, especially, those related to Plaintiff because <u>they were his original sponsor</u>.

  Patel's primary feigned excuse for his delays thus far is his allegation that he cannot afford an attorney to defend this action. However, Patel's excuse is belied by the facts that he commenced a civil action in New Jersey Superior Court against Plaintiff and other defendants arising out of the alleged breach of a non-compete agreement and stealing trade secrets (the "New Jersey Action"). In the New Jersey Action, Mr. Patel retained an attorney and has incurred significant legal expenses to date, as that

1

action included an Order to Show Cause seeking various restraining orders, multiple depositions, and extensive discovery including, but not limited to, third-party subpoenas to companies such as godaddy.com, amazon.com, and sprint.com. Patel further retained a third-party vendor to sort through tens of thousands of emails, the cost of which is in excess of three thousand ($3,000.00) dollars, as I have been advised by Patel's attorney in the New Jersey Action, Peter Bray, Esq. As such, Patel's claim that he has no monies to retain an attorney in this action defies logic.

Further, he initially represented all Defendants in this action but, in order to further delay this matter, switched to representing only himself.

Finally, when your affirmant sought to serve Patel in the courthouse with papers in this action, he refused to take them.

### A. The Court Has Broad Discretion To Set An Expedited Schedule And Trial

This Court has broad discretion to set dates for discovery and trial pursuant to its case management authority under Federal Rule of Civil Procedure 16. Indeed, Rule 16(a) specifically authorizes the Court to order counsel to attend a conference for the purpose of "expediting disposition of the action" and "establishing early and continuing control so that the case will not be protracted because of lack of management." *See*, Fed. R. Civ. P. 16(a)(1), (a)(2).

Fed. R. Civ. P. 16(a) states that purposes of pretrial conferences include "(1) expediting disposition of the action" and "(3) discouraging wasteful pretrial activities."

At a pretrial conference, the "court may consider and take appropriate action" in "facilitating . . . the just, speedy and inexpensive disposition of the action." *See*, Fed. R. Civ. P. 16(c)(2)(P).

District courts have exercised this broad case management authority to set expedited trial dates. This rule relating to pretrial procedure authorizes district court to conduct a conference with counsel for the purpose of aiding in the disposition of the case for the purpose of making the trial easier; the purpose of this rule is to help the lawyers and the litigants, not to exhaust them. *See, McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976).

The pretrial conference serves purposes of expediting litigation and eliminating surprise at trial. *See, Wallin v. Fuller*, 476 F.2d 1204 (5th Cir. 1973).

Conservation of precious court and judge time is an object of effective pretrial. *See, U. S. v. Kolesar*, 313 F.2d 835 (5th Cir. 1963).

One of the purposes of this rule is to simplify procedure and expedite litigation. *See, Washington v. General Motors Acceptance Corp.*, 19 F.R.D. 370 (S.D. Fla. 1956); s*ee also, Nichols v. Sanborn Co.*, D.C.Mass.1938, 24 F.Supp. 908 (Dist. Mass. 1938).

### B. An Expedited Trial Is Necessary And Appropriate

As detailed in the annexed notice, Plaintiff is facing serious immigration consequences as his H-1b status is about to run out. At most, he will be approved for an additional six months, but that is not likely. The original sponsor of Plaintiff's H-1b petition were the Archon Defendants and, as such, they (and their president, Patel) are aware of the imminent H-1b expiration because they (i) possess copies of the petitions and (ii) have sponsored numerous other persons and, as such, are familiar with the relevant timelines and deadlines.

This knowledge makes Patel's actions even more egregious and the instant motion more deserving of approval. The undersigned served Patel with a Notice for Deposition, requesting that he appear to testify on March 2, 2015. My office followed up with telephone calls (on Friday, February 27, 2015 at 4:30 p.m. to the corporate offices and Saturday, February 28, 2015 to three different telephone numbers. We also attempted to procure Patel's appearance by multiple emails, copies of which are annexed hereto. Notwithstanding these good faith efforts, on Saturday, February 28, 2015, we received the "Request to Deny Deposition by Opposing Counsel" (the "Denial"), a copy of which is also annexed hereto. All efforts to obtain Patel's cooperation have been futile.

In the Denial, Patel further alleges that he wants the opportunity to "confront his accuser" before the Court, expressing concern that I might ask questions he may not understand (even though he appeared for a deposition in the New Jersey Action without an interpreter), that could be prejudicial, and that may be subject to objection. He further raises concerns about self-incrimination. It is respectfully submitted that all deponents are subject to the same concerns. However, he is required to appear for deposition in accordance with Rule 30 of the Federal Rules of Civil Procedure. In order to protect himself, he may retain an attorney.

The above-cited actions, as well as Patel's allegations in his *pro se* answer to the complaint herein (Docket #8), raise concerns that Patel is purposefully delaying the progress of this litigation until Plaintiff is required to return to his native country.

It would simply be unfair to permit Patel's contumacious delay tactics to prevent Plaintiff from seeking justice for the wrongs of the Defendants herein.

Moreover, an expedited trial will not unduly prejudice Defendants in any way.

In view of the urgent need for relief to avoid irreparable harm, prompt relief on Plaintiff's claims is essential to protect Plaintiff's rights.

Thank you in advance.

Respectfully,

Michael J. Romano

MJR:jld
Enclosures

Michael Romano

| | |
|---|---|
| From: | ecf_bounces@nyed.uscourts.gov |
| Sent: | Monday, July 06, 2015 9:27 AM |
| To: | nobody@nyed.uscourts.gov |
| Subject: | Activity in Case 2:14-cv-06862-JS-ARL Saiyed v. Archon, Inc. et al Order on Motion to Expedite |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## U.S. District Court

## Eastern District of New York

## Notice of Electronic Filing

The following transaction was entered on 7/6/2015 at 9:26 AM EDT and filed on 7/6/2015
**Case Name:** Saiyed v. Archon, Inc. et al
**Case Number:** 2:14-cv-06862-JS-ARL
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**ELECTRONIC ORDER** denying [25] Motion to Expedite. Plaintiff's motion for an expedited trial is **DENIED WITHOUT PREJUDICE**. Plaintiff is directed to contact Magistrate Judge Lindsay's chambers regarding an expedited discovery schedule. The Court will address Defendants Patel's and Gajra's motions to dismiss in due course. Ordered by Judge Joanna Seybert on 7/6/2015. (Mascia, Raymond)


**2:14-cv-06862-JS-ARL Notice has been electronically mailed to:**

Michael Joseph Romano    mikeromanolaw@gmail.com, gdh@romanofirm.com, mek@romanofirm.com

**2:14-cv-06862-JS-ARL Notice will not be electronically mailed to:**

Mohammed Ashif Gajra
202 N. Fairview Avenue
Paramus, NJ 07652

Rashid Patel

1

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

# Form I-797C, Notice of Action

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| RECEIPT NUMBER | | CASE TYPE |
|---|---|---|
| EAC-15-055-51045 | | I129 PETITION FOR A NONIMMIGRANT WORKER |
| **RECEIPT DATE** December 19, 2014 | **PRIORITY DATE** | **PETITIONER** CHICKPEA AT PENN INC |
| **NOTICE DATE** May 14, 2015 | **PAGE** 1 of 1 | **BENEFICIARY** SAIYED, AMJAD NASIRUDDIN |

ASHISH KAPOOR
KAPOOR LAW FIRM
220 OLD COUNTRY ROAD STE 1
MINEOLA NY 11501

**Notice Type:** Approval Notice
Class: H1B
Valid from 01/04/2015 to 07/30/2015
Consulate:

This notice is to advise you of action taken on this case. The official notice has been mailed according to the mailing preferences noted on the Form G-28, Notice of Entry of Appearance as Attorney or Accredited Representative. Any relevant documentation was mailed according to the specified mailing preferences.

The above petition and extension of stay have been approved. The status of the named foreign worker(s) in this classification is valid as indicated above. The foreign worker(s) can work for the petitioner, but only as detailed in the petition and for the period authorized. Changes in employment or training may require you to file a new Form I-129 petition. Since this employment or training authorization stems from the filing of this petition, separate employment or training authorization documentation is not required. Please contact the IRS with any questions about tax withholding.

The petitioner should keep the upper portion of this notice. The lower portion should be given to the worker. He or she should keep the right part with his or her Form I-94, Arrival-Departure Record. The I-94 portion should be given to the U.S. Customs and Border Patrol when he or she leaves the United States. The left part is for his or her records. A person granted an extension of stay who leaves the U.S. must normally obtain a new visa before returning. The left part can be used in applying for the new visa. If a visa is not required, he or she should present it, along with any other required documentation, when applying for reentry in this new classification at a port of entry or pre-flight inspection station. The petitioner may also file Form I-824, Application for Action on an Approved Application or Petition, to request that we notify a consulate, port of entry, or pre-flight inspection office of this approval.

The approval of this visa petition does not in itself grant any immigration status and does not guarantee that the alien beneficiary will subsequently be found to be eligible for a visa, for admission to the United States, or for an extension, change, or adjustment of status.

This courtesy copy may not be used in lieu of official notification to demonstrate the filing or processing action taken on this case.

**THIS FORM IS NOT A VISA AND MAY NOT BE USED IN PLACE OF A VISA.**

Number of workers: 1
| Name | DOB | COB | Class Consulate / POE OCC |
|---|---|---|---|
| SAIYED, AMJAD NASIRUDDIN | 10/24/1972 | INDIA | H1B                        160 |

The Small Business Regulatory Enforcement and Fairness Act established the Office of the National Ombudsman (ONO) at the Small Business Administration. The ONO assists small businesses with issues related to federal regulations. If you are a small business with a comment or complaint about regulatory enforcement, you may contact the ONO at www.ombudsman.sba.gov or phone 202-205-2417 or fax 202-481-5719.

NOTICE: Although this application/petition has been approved, USCIS and the U.S. Department of Homeland Security reserve the right to verify the information submitted in this application, petition and/or supporting documentation to ensure conformity with applicable laws, rules, regulations, and other authorities. Methods used for verifying information may include, but are not limited to, the review of public information and records, contact by correspondence, the internet, or telephone, and site inspections of businesses and residences. Information obtained during the course of verification will be used to determine whether revocation, rescission, and/or removal proceedings are appropriate. Applicants, petitioners, and representatives of record will be provided an opportunity to address derogatory information before any formal proceeding is initiated.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
U.S. CITIZENSHIP & IMMIGRATION SVCS
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS    VT    05479-0001
**Customer Service Telephone: (800) 375-5283**



If this is an interview or biometrics appointment notice, please see the back of this notice for important information.   Form I-797C 07/11/14 Y

## Michael J. Romano, Esq.

**From:** Michael J. Romano, Esq. <mjr@romanofirm.com>
**Sent:** Friday, February 27, 2015 4:24 PM
**To:** rashid@archoninc.com
**Subject:** RE: Saiyed v. Archon
**Attachments:** Notice of Deposition and Affdavit of service.pdf

Mr. Patel,

I am writing this message as a courtesy reminder that you are scheduled for a deposition at my office address listed below this Monday, March 2015 at 10AM, pursuant to the attached Notice of Deposition that was served upon you on January 30, 2015 (a copy is attached hereto). I have attempted to contact you via telephone on several occasions with no success. Please kindly call and/or email me to confirm whether or not you will be appearing for the deposition on Monday. I would appreciate the courtesy of a response so I can schedule a court reporter and reserve my conference room for the deposition. Thank you in advance for your anticipated courtesy.

*Michael J. Romano*
Romano & Associates
Attorneys at Law
220 Old Country Road, 1st Floor
Mineola, New York 11501
Tel. (516) 248-8880
Fax. (516) 740-0866
mjr@RomanoFirm.com
Visit our website at www.RomanoFirm.com
Licensed in New York & New Jersey

CONFIDENTIALITY NOTICE: THIS E-MAIL MESSAGE (AND ANY ATTACHMENTS HERETO) IS INTENDED ONLY FOR THE USE OF THE NAMED RECEIPIENT(S) AND MAY CONTAIN LEGALLY PRIVILEGED ATTORNEY-CLIENT INFORMATION AND/OR CONFIDENTIAL OR PROPRIETARY INFORMATION, AND/OR MAY CONTAIN ATTORNEY WORK PRODUCT, THAT IS EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF YOU HAVE RECEIVED THIS MESSAGE IN ERROR OR YOU ARE NOT THE NAMED RECIPIENT(S), YOU MAY NOT REVIEW, DISSEMINATE, DISTRIBUTE OR COPY THIS MESSAGE (OR ANY ATTACHMENTS HERETO) AND WE REQUEST THAT YOU PLEASE IMMEDIATELY NOTIFY THE SENDER BY REPLY E-MAIL AND DELETE THIS E-MAIL MESSAGE AND ANY ATTACHMENTS FROM YOUR COMPUTER. THANK YOU.

IRS CIRCULAR 230 DISCLOSURE: TO ENSURE COMPLIANCE WITH REQUIREMENTS IMPOSED BY THE INTERNAL REVENUE SERVICE, WE INFORM YOU THAT ANY U.S. FEDERAL TAX ADVICE CONTAINED IN THIS COMMUNICATION (INCLUDING ANY ATTACHMENTS) IS NOT INTENDED OR WRITTEN TO BE USED, AND CANNOT BE USED, FOR THE PURPOSE OF (I) AVOIDING PENALTIES UNDER THE INTERNAL REVENUE CODE OR (II) PROMOTING, MARKETING OR RECOMMENDING TO ANOTHER PARTY ANY TRANSACTION OR MATTER ADDRESSED HEREIN.

**From:** Michael J. Romano, Esq. [mailto:mjr@romanofirm.com]
**Sent:** Thursday, February 12, 2015 2:13 PM
**To:** rashid@archoninc.com
**Subject:** Saiyed v. Archon

Mr. Patel,

As you know I represent Mr. Amjad Saiyed against Archon Inc. et al in the action filed in Federal Court of New York, Eastern District. You had filed an Answer in this matter. I had served you with the attached Notice of Deposition scheduling a deposition for March 2, 2015 at 10am at my office address listed below. Please kindly contact my office and advise me if you have retained counsel regarding this matter or if you intend to proceed "pro se" (which means that you represent yourself and will not be hiring a lawyer).

1

Please note, this case is a completely separate matter from the New Jersey case in which Archon is suing Azamss Distribution Corp. and Amjad Saiyed. For the New Jersey matter, you are represented by Peter Bray, who has advised that he is not representing you on the above-referenced Federal case in New York.

If you have in fact hired an attorney to represent you in the New York Federal matter please do not respond to my email or call my office, but forward this email with my contact information to your attorney. I await your response.

Sincerely,
Mike

### Michael J. Romano

Romano & Associates
Attorneys at Law
220 Old Country Road, 1st Floor
Mineola, New York 11501
Tel. (516) 248-8880
Fax. (516) 740-0866
mjr@RomanoFirm.com
Visit our website at www.RomanoFirm.com
Licensed in New York & New Jersey

CONFIDENTIALITY NOTICE: THIS E-MAIL MESSAGE (AND ANY ATTACHMENTS HERETO) IS INTENDED ONLY FOR THE USE OF THE NAMED RECEIPIENT(S) AND MAY CONTAIN LEGALLY PRIVILEGED ATTORNEY-CLIENT INFORMATION AND/OR CONFIDENTIAL OR PROPRIETARY INFORMATION, AND/OR MAY CONTAIN ATTORNEY WORK PRODUCT, THAT IS EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF YOU HAVE RECEIVED THIS MESSAGE IN ERROR OR YOU ARE NOT THE NAMED RECIPIENT(S), YOU MAY NOT REVIEW, DISSEMINATE, DISTRIBUTE OR COPY THIS MESSAGE (OR ANY ATTACHMENTS HERETO) AND WE REQUEST THAT YOU PLEASE IMMEDIATELY NOTIFY THE SENDER BY REPLY E-MAIL AND DELETE THIS E-MAIL MESSAGE AND ANY ATTACHMENTS FROM YOUR COMPUTER. THANK YOU.

IRS CIRCULAR 230 DISCLOSURE: TO ENSURE COMPLIANCE WITH REQUIREMENTS IMPOSED BY THE INTERNAL REVENUE SERVICE, WE INFORM YOU THAT ANY U.S. FEDERAL TAX ADVICE CONTAINED IN THIS COMMUNICATION (INCLUDING ANY ATTACHMENTS) IS NOT INTENDED OR WRITTEN TO BE USED, AND CANNOT BE USED, FOR THE PURPOSE OF (I) AVOIDING PENALTIES UNDER THE INTERNAL REVENUE CODE OR (II) PROMOTING, MARKETING OR RECOMMENDING TO ANOTHER PARTY ANY TRANSACTION OR MATTER ADDRESSED HEREIN.

United States District Court for the Eastern District of

New York

Civil Action Number 2:14-CV-06862(JS)(ARL)

| | |
|---|---|
| Amjad Saiyed, individually and on behalf<br>And behalf of all others similarly situated )<br>)<br>Plaintiffs )<br>)<br>ARCHON, INC. ARCHON DISTRIBUTION )<br>INC, RASHID PATEL, MOHAMMED )<br>ASHIF "MIKE" GAJRA AND JOHN/JANE )<br>Does "1-10" )<br>)<br>Defendants ) | REQUEST T0 DENY DEPOSITION BY OPPOSING COUNSEL |

Notice is hereby given that I, Rashid Patel, on behalf of myself in the above named case, respond Pro Se to "Plaintiff's Notice of Deposition, dated January 30, 2015, with

the following facts.

I have responded to the initial complaint pro se, as it is simply a matter of fact that I cannot afford an attorney to represent me at this time without financial consequences to my family.

Furthermore, although a layman, it has been my understanding that every citizen is entitled to his day in Court to confront his accuser, but it now appear that

with the command to appear for a deposition by counsel for the plaintiff,

I found myself, being the defendant, in lieu of appearing for my day in Court, having to take time from my business, and incur expenses to travel a great distant to provide a deposition to opposing counsel, which by giving such a

deposition would negate the purpose of appearing in Court "to confront my accuser", as opposing counsel may well ask questions, not understood by me, that could be prejudicial, and not provide me an overview by the Court to ascertain that questions posed by counsel for the

plaintiffs would be allowed without objection by a Judge presiding over the case. Furthermore, complaint alleges allegation if acknowledge as true, would in effect make me subject to criminal charges, and by giving any deposition could as such incriminate myself.

Should the Court compel me to appear for a deposition before opposing counsel, I will of course obey any such order, but request that communication be had between myself and opposing

counsel to sit a mutual date, which is not what has been done with the Plaintiff's Notice of Disposition, dated January 30, 2015. By submitting this request, I will note that for business reason,

counsel to sit a mutual date, which is not what has been done with the Plaintiff's Notice of Disposition, dated January 30, 2015. By submitting this request, I will note that for business reason,

and to obtain the Court view on the Notice of Deposition, that I will not appear at opposing counsel office on March 2, 2015.

February 27, 2015.

_____
Rashid Patel, Defendant
Archon Distribution, Inc.
361 Franklin Avenue
Nutley, New Jersey 07110
973-667-3001
Rashid@archoninc.com

## CERTIFICATE OF SERVICE

I, Rashid Patel, certify that a copy of this motion has been served by Express Mail, this date, February 27, 2015, to attorney for the plaintiff(s), Michael J. Romano, Esq., Romano & Associates,

Attorneys at Law, 220 Old Country Road, 1/fl, Mineola, New York 11501.

_____

A