UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
AMJAD SAIYED, individually and on behalf
of all others similarly situated,

                           Plaintiffs,                 **ORDER**
                                                CV 14-6862 (JS)(ARL)

          -against-

ARCHON, INC., et al.,

                           Defendants.
-------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

       Before the court is the plaintiff's second motion to strike the defendant's answer as a result of his alleged dilatory tactics and the *pro se* defendant Rashid Patel's "Motion to Oppose Deposition and Dismiss the Case as Plaintiff is Not Expected to Be in the USA After July 30, 2015." For the reasons set forth below, both motions are denied.

       The plaintiff, Amjad Saiyed ("Saiyed"), commenced this action on November 21, 2014, alleging that the defendants had failed to pay him minimum wages, overtime and spread of hours pay. According to the complaint, Saiyed is a New Jersey resident. Compl., ¶2. The individual defendants Rashid Patel ("Patel") and Mohammed Ashif "Mike" Gajra ("Gajra"), and the corporate defendant Archon Distribution Inc. are also New Jersey residents. *Id.,* ¶¶ 4-6. The plaintiff contends that the defendant Archon, Inc. is doing business in New York. *Id.,* ¶ 3.

       On December 16, 2014, Patel filed an answer "on behalf of himself and the other defendants." Shortly thereafter, the court scheduled an initial conference for April 8, 2015. Patel did not appear at the conference. He did, however, advise the court that he did not object to the proposed scheduling order. Following the conference, the court entered a scheduling order only as to Saiyed and Patel. The undersigned advised Patel that he did not have the authority to represent the other individual and corporate defendants. The court further indicated that the answer was nullified with respect to any defendant other than Patel. On April 16, 2015, the Clerk of the Court then certified the default of the defendants Archon, Inc., Archon Distribution Inc., and Gajra, and the plaintiff filed a Motion for Default Judgment as against those defendants. The motion, which was referred to the undersigned, remains *sub judice*.

       In response to the Motion for Default Judgment, the *pro se* defendant Gajra filed a motion to dismiss. According to Gajra, he is neither an officer nor an owner of Archon Distribution. On the same day, Patel filed a Motion to Dismiss for Lack of Jurisdiction, alleging that all of the parties are New Jersey residents. That motion is currently pending before the District Court. The plaintiff does not dispute that, with the exception of Archon, Inc., all of the parties are New Jersey residents. *See* Doc. No. 30-1. Interpreting Patel's argument as one for improper venue, Saiyed points, however, to his immigration papers which were completed by Archon, Inc. using its New York address. *Id.*

       In July, Saiyed submitted a motion to the undersigned for expedited discovery after the District Court denied his request for an expedited trial. The plaintiff argued, at the time, that he

was leaving the country on July 29, 2015, and wished to confront Patel at his deposition. The court denied his request for expedited relief finding that the deposition of Patel could proceed in the plaintiff's absence. In response, Saiyed served Patel with a Notice of Deposition for the second time[1] along with additional discovery demands. Once again, Patel failed to appear for his deposition and did not respond to the plaintiff's Demand for the Production of Documents and First Set of Interrogatories.

On September 30, 2015, Saiyed moved to strike Patel's answer based on his failure to comply with discovery. Because Saiyed had failed to file a motion to compel before seeking sanctions, the court denied the request. However, the court directed the defendants to respond to all outstanding discovery requests by November 6, 2015. In addition, the court ordered Patel to appear for a deposition before November 6. Patel was warned that given his history of noncompliance in this case, failure to comply with the order would lead to the imposition of sanctions. According to the plaintiff, upon receipt of the order, he sent the defendants a letter advising them of the new deadlines and enclosing a third Notice of Deposition for Patel and Gajra.

On October 29, 2015, eight days short of the November 6 deadline, the plaintiff filed the instant motion to strike Patel's answer. Although Patel's recently filings, which include his "Motion to Oppose the Deposition," certainly suggest that he has no intention of complying with the court's prior order, the plaintiff's motion was filed prematurely. Accordingly, given the severity of the sanction being sought, the court is going to give the defendants one final opportunity to comply with their discovery obligations. On or before December 11, 2015, the defendants Patel and Gajra shall appear for a deposition. Immediately upon receipt of this order, Patel and Gajra are to advise plaintiff's counsel of their availability. The deposition is to take place in New Jersey or by telephone. The defendants are also directed to respond to the plaintiff's Demand for the Production of Documents and First Set of Interrogatories by December 11, 2015.

With respect to Patel's argument that it would be unfair to be deposed and not have the deposition of the plaintiff, that argument is premature. The plaintiff is not required to be present for the defendants' deposition and his absence does not negate the defendants' obligation to appear. In addition, the defendants have not noticed the plaintiff for a deposition and there is no reason to be believe that arrangements can't be made for a telephonic deposition. Accordingly, Patel's argument that is without merit.

The discovery deadline is extended to January 11, 2016. Any party planning on making a dispositive motion must take the first step in the motion process by January 25, 2016. The final is adjourned to February 3, 2016 at 11:30 a.m. The parties are directed to electronically file a joint proposed pretrial order prior to the conference.

The defendants are cautioned that this is their final opportunity to comply with the discovery demands. Failure to comply with this order will result in a recommendation that

---

[1] Patel was first served with a Notice of Deposition in January, demanding his appearance for a deposition in early March. In response, Patel filed a Request to Deny Deposition by Opposing Counsel.

Patel's answer be stricken and a default judgement be entered.

Dated: Central Islip, New York  
       November 17, 2015

**SO ORDERED:**

_____/s/_____  
ARLENE ROSARIO LINDSAY  
United States Magistrate Judge

Dated: Central Islip, New York  
       October 7, 2015

**SO ORDERED:**

_____/s/_____  
ARLENE ROSARIO LINDSAY  
United States Magistrate Judge

3