```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
AMJAD SAIYED, individually and on
behalf of all others similarly
Situated,

                Plaintiff,            MEMORANDUM & ORDER
                                      14-CV-6862(JS)(ARL)
        -against-

ARCHON, INC., ARCHON DISTRIBUTION,
INC., RASHID PATEL, MOHAMMED ASHIF
"MIKE" GAJRA, and JOHN/JANE DOES
"1-10",

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:              Michael Joseph Romano, Esq.
                            Romano & Associates
                            220 Old Country Rd., 1st Fl.
                            Mineola, NY 11501

For Defendants:
Archon, Inc., Archon
Distribution, Inc.,
and Rashid Patel            Rashid Patel, pro se
                            316 Ropes Rd.
                            Englewood, NJ 07632

Mohammed Ashif "Mike"
Gajra:                      Mohammed Ashif Gajra, pro se
                            202 N. Fairview Ave.
                            Paramus, NJ 07652

John/Janes Does
"1-10"                      No appearances.
```

SEYBERT, District Judge:

Plaintiff Amjad Saiyed ("Plaintiff") brings this action against his former employers, Archon, Inc. and Archon Distribution, Inc., and two former employees, Rashid Patel

("Patel"), Mohammed Ashif "Mike" Gajra ("Gajra"), and John and Jane Does "1-10", (collectively, "Defendants") for alleged unfair treatment.  Three motions are pending before the Court.  First, Gajra has moved to dismiss the Complaint arguing that he is an improper party.  (Docket Entry 23.)  Second, Patel has moved to dismiss the Complaint seeking to transfer the case to the District of New Jersey because of improper venue.  (Docket Entries 24, 37.)  Third, Patel has also moved to dismiss the Complaint because Plaintiff no longer resides in the United States since his H-1B visa expired in July 2015.  For the following reasons, Gajra's motion to dismiss is DENIED, and Patel's motions to dismiss are also DENIED.

## BACKGROUND[1]

Originally from India, Plaintiff worked for Archon, Inc. and Archon Distribution, Inc. collectively from January 2009 to December 2013.  (Compl., Docket Entry 1, ¶¶ 25, 72.)  Archon, Inc. is based in New York ("Archon NY"), and Archon Distribution, Inc. is based in New Jersey ("Archon NJ" and, collectively, "Archon").[2]

---

[1] The facts alleged in the Complaint are presumed to be true for the purposes of this Memorandum and Order.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 572, 127 S. Ct. 1955, 1975, 167 L. Ed. 2d 929 (2007) ("[A] judge ruling on a defendant's motion to dismiss a complaint must accept as true all of the factual allegations contained in the complaint." (internal quotation marks and citation omitted)).

[2] The Court notes that in his motion, Patel appears to state that Archon Distribution, Inc. is based at the New York address

(Compl. ¶¶ 3-4.)  Both companies distribute electronics, software, and computer parts.³  Patel is Archon's president and owner, and Gajra is allegedly "in active control and management . . . [and] regulates the employment of persons employed by Archon."  (Compl. ¶¶ 5-6.)

After learning of an employment opportunity at Archon in 2008, Plaintiff began the process of moving his family to the United States and applying to the United States Citizenship and Immigration Services ("USCIS"), which granted Plaintiff an H-1B visa in May 2008.  (Compl. ¶¶ 22-24.)  Plaintiff then relocated his family to New Jersey and began his employment in January 2009.  (Compl. ¶¶ 2, 25.)

---

associated with Archon, Inc.  The Court construes this as an inadvertent error because Patel signs his name at the end of the motion on behalf of Archon Distribution, Inc. with a New Jersey address.  What is more, in a separate but related action--<u>Archon Distribution v. Saiyed</u> (the "NJ Action"), Patel testified in a deposition that Archon, Inc. is the New York business.  (Excerpt Patel's Tr., Pl.'s Br. Ex. C, Docket Entry 30-1, 5:7-11.)  Essentially, in the NJ Action, Archon asserts that Plaintiff joined an Archon competitor in violation of his employment contract.  (<u>See</u>, <u>e.g.</u>, NJ Compl., Docket Entry 24, ¶¶ 12-17, 25-30).  The complaint to the NJ Action can be found at Docket Entry 24 at 4-26.

The excerpt of Patel's deposition transcript in the NJ Action can be found at Pl.'s Br. Ex. C, Docket Entry 30-1, at 15-18.  For the purposes of this Memorandum and Order, the Court will use the page numbers generated by the Electronic Case Filing System when referring to the parties' exhibits.

³ http://www.archoninc.com/index-1.html.

3

Plaintiff alleges that Defendants took advantage of him because if Defendants withdrew Plaintiff's USCIS application, Plaintiff would become unlawfully present in the United States. (Compl. ¶ 52.) According to Plaintiff, Defendants refused to give Plaintiff proper wages and denied his requests for vacation days, holidays, sick leave, and family leave, among other things. (Compl. ¶¶ 52-55.) "[U]nable to tolerate the oppression and harassment imposed on [him]," Plaintiff's employment was eventually terminated in December 2013. (Compl. ¶ 72.) Plaintiff left the country after July 2015 when his visa expired. (H-1B Visa at 10.)[4]

Plaintiff filed this lawsuit on November 21, 2014. (See Compl.) Essentially, Plaintiff alleges that Defendants refused to pay him minimum wages and "engag[ed] in systematic mistreatment of Plaintiff."[5] (Compl. ¶¶ 52-57.) Plaintiff asserts eight causes of action: (i) two claims under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. §§ 1589-90 (Compl. ¶¶ 76-94); (ii) one claim for material misrepresentations and omissions (Compl. ¶¶ 95-104); (iii) one claim for failure to pay proper wages

---

[4] The H-1B Visa can be found at Pl.'s Br. Ex. A, Docket Entry 30-1, at 9-10.

[5] Plaintiff asserts that this case is a class action lawsuit filed on behalf of all similarly situated persons currently or previously employed by Archon. (Compl. ¶¶ 1, 12.). To date, no class has been certified.

4

under the Fair Labor Standards Act ("FLSA") (Compl. ¶¶ 105-15); (iv) three claims for failure to pay proper wages under the New York Labor Law ("NYLL") (Compl. ¶¶ 116-34); and (v) one claim for quantum meruit (Compl. ¶¶ 135-37).

Gajra now moves to dismiss the Complaint. (Gajra's Mot., Docket Entry 23.) Gajra argues that he is neither an officer nor owner of Archon. (Gajra's Mot. at 1-3.) In opposition, Plaintiff asserts that Patel's deposition testimony in the NJ Action confirms that Gajra has administrative responsibilities, including the ability to hire and fire individuals. (Pl.'s Br., Docket Entry 30-1, at 7-8.)

Patel has also moved to dismiss the Complaint.[6] (Docket Entries 24, 37.) The Court construes Patel's argument as one for improper venue. Patel argues that Archon NY closed in 2010 and was never fully operational and thus this Court is an improper venue. (Patel's Mot, Docket Entry 24, at 3.) Rejecting these contentions, Plaintiff asserts that venue is proper in the Eastern District of New York. (Pl.'s Br. at 4-7.) To bolster this assertion, Plaintiff refers to Patel's deposition testimony in the

---

[6] On December 16, 2014, Patel filed an answer to the Complaint. (Answer, Docket Entry 8.) In it, he raised the defense for improper venue. (Answer at 2 ("I would ask the Court to review and determine if jurisdiction lays with the Court, as both the plaintiff and I are residents of New Jersey, and I have not carried on business in New York for a period in excess of two years."); see FED. R. CIV. P. 12(b)(3), 12(h)(1).

5

NJ Action, in which Patel states that Archon NY "had a functioning business in New York that was used to . . . obtain Plaintiff's H1B visa." (Pl.'s Br. at 7.)

## DISCUSSION

I. Gajra's Motion to Dismiss the Complaint

    A. Legal Standard for a Rule 12(b)(6) Motion

To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974. A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Although the Court must accept all allegations in the Amended Complaint as true, this tenet is "inapplicable to legal conclusions." Id. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citation omitted). Ultimately, the Court's plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679, 129 S. Ct. at 1950.

In deciding a motion to dismiss, the Court is generally confined to "the allegations contained within the four corners of [the] complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d

6

67, 71 (2d Cir. 1998). However, the Court may consider "any written instrument attached to [the complaint] as an exhibit, materials incorporated in it by reference, and <u>documents that, although not incorporated by reference, are integral to the complaint</u>." Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004) (emphasis added; internal quotation marks and citations omitted); see also Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (observing that a document is "integral" if the complaint "relies heavily upon its terms and effect" (internal quotation marks and citation omitted)).

Because Gajra is litigating pro se, the Court interprets his papers to "raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks omitted) (collecting cases).

B. Application

The Court finds that Plaintiff has plausibly alleged that Gajra is a proper party in this suit. Gajra argues that he is neither an officer nor owner of Archon but rather, a sales and purchase manager with no discretion over hiring or firing individuals.[7] (Gajra's Mot. at 1-3.) But this contention is belied by Patel's deposition testimony in the NJ Action:

---

[7] Confusingly, Gajra asserts that, despite being a manager, he is "not authorize [sic] in any way to act in the capacity as a manager." (Gajra's Mot. at 1-2.)

7

> Q. Who is Mohammed Gajra, a/k [sic] Mike Gajra?
>
> A. He's the manager.
>
> Q. Okay. And what are his responsibilities?
>
> A. He mostly handles the sales and purchases and if I'm not there in the office, he admin [sic] the whole office.
>
> Q. Does Mike Gajra, does he hire or fire employees?
>
> A. I mean, like if I'm not there and he needs somebody, he would do it, but there wasn't any occasion like that.

(Excerpt Patel's Tr. 7:14-25.)  To be sure, Patel's deposition transcript is not attached to the Complaint or incorporated by reference.  (See generally Compl.)  But as stated above, the Court may consider a document not incorporated by reference in the complaint if that document is "integral."  Chambers, 282 F.3d at 153 (internal quotation marks and citation omitted).  The Court may also consider any "'documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.'"  Id. (quoting Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993)).  Of course, Plaintiff knew of the NJ Action and would be familiar with the relevant documents because he was the defendant.  On that basis, Plaintiff has plausibly alleged that Gajra has administrative responsibilities, including the ability to make employment decisions.

This conclusion holds true under the FLSA, the NYLL, and the TVPRA. First, courts use the "economic reality" test to determine whether a defendant is an "employer" under both state and federal law, as "[t]here is general support for giving FLSA and the [NYLL] consistent interpretations." Topo v. Dhir, No. 01-CV-10881, 2004 WL 527051, at *3 (S.D.N.Y. Mar. 16, 2004). Under the economic reality test, this Court must evaluate the totality of the circumstances, including: "whether the defendant (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." Padilla v. Manlapaz, 643 F. Supp. 2d 302, 315 (E.D.N.Y. 2009) (internal quotation marks and citations omitted).

The Court recognizes that the facts here make for a close case. For instance, it is unclear what everyday responsibilities Gajra has as a sales and purchase manager or how often he manages the "whole office" when Patel was away. (See Gajra's Mot. at 1-3); (Excerpt Patel's Tr. 7:14-25.) Moreover, Plaintiff asserts that Gajra is "among the ten largest shareholders of [Archon]," but this assertion is otherwise unsupported. (See Compl. ¶ 8.) And there have been no allegations that Gajra holds the purse strings at Archon or maintains employment records. At this stage, however, Plaintiff has plausibly alleged that Gajra occasionally

9

manages an entire office and wields the power to hire and fire employees. In that regard, Plaintiff can maintain FLSA and NYLL claims against Gajra.

Similarly, the TVPRA authorizes a civil action for victims of trafficking against any person who "knowingly provides or obtains the labor or services of a person" through "force," "threats of force," "serious harm," or "the abuse of threatened abuse of law or legal process." 18 U.S.C. § 1589(a)(1)-(3); (see Compl. ¶¶ 82-83, 85.) In other words, a plaintiff can file a civil action against an individual like Gajra for any TVPRA violations. Thus, Gajra's motion to dismiss is DENIED.

II. Patel's Motion to Dismiss for Improper Venue

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss an action based on "improper venue." FED. R. CIV. P. 12(b)(3). In addition, Title 28, Section 1406(a) of the United States Code provides that the "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

In this case, Plaintiff alleges that venue is proper in the Eastern District of New York under Title 28, Section 1391(b)(2) of the United States Code, which provides, in relevant part, that venue is proper in "a judicial district in which a substantial

10

part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(2); (see Compl. ¶ 11.) Patel contends that this case should be dismissed for improper venue because Patel, Gajra, and Archon NJ are New Jersey residents and Archon NY closed in 2010 and was never fully operational. (Patel's Mot. at 1-3; see Compl. ¶¶ 4-6.)

    A.    <u>Legal Standard for a Rule 12(b)(3) Motion</u>

When considering a motion to dismiss for improper venue, the Court must accept the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. <u>Cartier v. Micha, Inc.</u>, No. 06-CV-4699, 2007 WL 1187188, at *2 (S.D.N.Y. Apr. 20, 2007). Although the plaintiff has the burden of proving that venue is proper, "[a]bsent a formal hearing on the motion, a plaintiff need only make a prima facie showing of venue to defeat the motion [to dismiss]." <u>Id.</u> In deciding the motion, the Court "may rely on facts and consider documents outside the complaint." <u>Id.</u> If the plaintiff asserts multiple claims, venue must be proper for each claim. <u>Id.</u>

The Court must conduct a two-part analysis to determine whether venue is appropriate under Section 1391(b)(2). <u>Daniel v. Am. Bd. of Emergency Med.</u>, 428 F.3d 408, 432 (2d Cir. 2005). First, the Court must "identify the nature of the claims and the acts or omissions that the plaintiff alleges give rise to those claims." <u>Id.</u> Second, the Court must "determine whether a

11

substantial part of those acts or omissions occurred in the district where suit was filed, that is, whether 'significant events or omissions material to [those] claim[s] . . . have occurred in the district in question.'" Id. (alterations and ellipsis original) (quoting Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 357 (2d Cir. 2005)).

It bears emphasizing that venue can be proper in multiple districts, "as long as a substantial part of the underlying events took place in those districts." Gulf Ins. Co., 417 F.3d at 356 (internal quotation marks and citation omitted); Shpak v. Curtis, No. 10-CV-1818, 2011 WL 4460605, at *6 (E.D.N.Y. Sept. 26, 2011). Thus, the issue is not whether the district at issue is the "best venue." Bates v. C & S Adjusters, Inc., 980 F.2d 865, 867 (2d Cir. 1992). Rather, under section 1391(b)(2), the Court "must determine only whether a 'substantial part of the events . . . giving rise to the claim' occurred in the [district at issue]." Id. (ellipsis in original) (quoting 28 U.S.C. § 1391(b)(2)); Marcus v. Am. Contract Bridge League, 562 F. Supp. 2d 360, 363 (D. Conn. 2008).

B. Application

Plaintiff has established a prima facie case that venue is proper in the Eastern District of New York. As a preliminary matter, the Court's analysis below applies to all of Plaintiff's claims, as they all stem from his employment with both Archon NY

12

and Archon NJ.  (See Compl. ¶¶ 76-137.)  Plaintiff argues that venue is proper in this District because Archon NY "conduct[s] business in the Nassau County" and that "the acts and/or omissions giving rise to the claims . . . allegedly took place in Nassau County."  (Compl. ¶ 11.)

First, there is no dispute that Archon NY obtained Plaintiff's H-1B visa for him to work with the company.  (H-1B Approval Notices, Pl.'s Br. Ex. B, Docket Entry 30-1, at 11-14)[8]; see Gen. Cap. Partners LLC v. Liberty Ridge, LLC, No. 07-CV-4089, 2007 WL 3010028, at *2 (S.D.N.Y. Oct. 12, 2007) ("[W]here a communication [giving rise to the underlying agreement] 'is transmitted to or from the district in which the cause of action is filed,' venue is appropriate in that district 'given a sufficient relationship between the communication and the cause of action.'"  (quoting Sacody Techs., Inc. v. Avant, Inc., 862 F. Supp. 1152, 1157 (S.D.N.Y. 1994))).  Although the Complaint provides scant details on the underlying negotiations, the fact that the H-1B visa was obtained through Archon NY--even if Plaintiff communicated with Archon NY from India--is sufficient to satisfy the first prong of the analysis.  Accord Sacody Techs., 862 F. Supp. at 1157 (finding venue appropriate in New York where "at least some of defendants' dealings with [plaintiff regarding

---

[8] The H-1B Approval Notices can be found at Pl.'s Br. Ex. B, Docket Entry 30-1, at 11-14.

the contract at issue] took place over the phone and by correspondence and facsimile between [defendants] and [plaintiff] in Massachusetts and New York, respectively" (internal quotation marks and citation omitted)); Schomann Int'l Corp. v. N. Wireless, Ltd., 35 F. Supp. 2d 205, 213 (N.D.N.Y. 1999) (finding that an agreement was "negotiated and executed in both New York and Iowa" where "the parties negotiated and executed [its] terms . . . through telephone conversations and correspondence between their respective New York and Iowa offices").

Second, the Court finds that a substantial amount of activity occurred in New York. Plaintiff began his employment with Archon in January 2009. (Compl. ¶ 25.) According to Patel, Plaintiff worked at both Archon NY and Archon NJ simultaneously until some point in 2013 when Plaintiff "mostly worked in New Jersey." (Excerpt Patel's Tr. 6:16-19.) To be sure, Plaintiff's employment was terminated in December 2013 while working with Archon NJ. (See Compl. ¶ 72; Excerpt Patel's Tr. 6:16-19.) But even if Plaintiff's claims focus more on mistreatment that occurred at the end of his tenure, venue is still proper in this District. See Sea Tow Servs. Int'l, Inc. v. Pontin, 472 F. Supp. 2d 349, 364 (E.D.N.Y. 2007) (explaining that venue may still be appropriate "even if a greater portion of events occurred elsewhere").

In sum, drawing all reasonable inferences in favor of Plaintiff, the Court finds that the Eastern District of New York

14

is a forum in which a substantial part of the underlying events giving rise to each of Plaintiff's claims occurred.  Thus, venue in this District is proper under Section 1391(b)(2), and Patel's first motion to dismiss is DENIED.

III. <u>Patel's Motion to Dismiss Because Plaintiff No Longer Resides in the United States</u>

Patel also moves to dismiss the Complaint because Plaintiff no longer resides in the United States after his H-1B visa expired in July 2015.  (Docket Entry 37; H-1B Visa at 10.)  But Plaintiff filed this lawsuit in 2014 before he left the country and has a New York law firm handling the dispute.  (Compl. at 20-21.)  Thus, Patel's second motion to dismiss is DENIED.

CONCLUSION

Gajra's motion to dismiss the Complaint is DENIED.  (Docket Entry 23.)  Patel's motions to dismiss are also DENIED.  (Docket Entries 24, 37.)

The Clerk of the Court is directed to mail a copy of this Order to Rashid Patel and Mohammed Ashif "Mike" Gajra.

SO ORDERED.

/s/ JOANNA SEYBERT  
Joanna Seybert, U.S.D.J.

Dated:   March __7__, 2016  
         Central Islip, New York

15