```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
AMJAD SAIYED, individually and on
Behalf of all others similarly
Situated,

                 Plaintiff,           MEMORANDUM & ORDER
                                      14-CV-6862(JS)(ARL)
        -against-

ARCHON, INC., ARCHON DISTRIBUTION,
INC., RASHID PATEL, MOHAMMED ASHIF
"MIKE" GAJRA, and JOHN/JANE DOES
"1-10",

                 Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:          Michael Joseph Romano, Esq.
                        Romano & Associates
                        220 Old Country Rd., 1st Fl.
                        Mineola, NY 11501

For Defendants:
Archon, Inc., Archon
Distribution, Inc.,
and Rashid Patel        Rashid Patel, pro se
                        316 Ropes Rd.
                        Englewood, NJ 07632

Mohammed Ashif "Mike"
Gajra:                  Mohammed Ashif Gajra, pro se
                        202 N. Fairview Ave.
                        Paramus, NJ 07652

John/Janes Does
"1" – "10"              No Appearance.
```

SEYBERT, District Judge:

Pending before the Court are: (1) Plaintiff's motion for a default judgment (Docket Entries 20, 22), and (2) Magistrate Judge Arlene R. Lindsay's Report and Recommendation ("R&R"),

recommending that this Court deny Plaintiff's motion for default judgment (R&R, Docket Entry 71). For the following reasons, the Court ADOPTS the R&R in its entirety.

## BACKGROUND

On November 21, 2014, Plaintiff filed this lawsuit against Archon, Inc., Archon Distribution, Inc., Rashid Patel ("Patel"), Mohammed Ashif "Mike" Gajra ("Gajra") and John and Jane Does 1-10 (collectively, "Defendants"). (Compl., Docket Entry 1.) Plaintiff alleges that Defendants refused to pay him minimum wages and "engag[ed] in systematic mistreatment of Plaintiff," among other things.[1] (Compl. ¶¶ 52-57.) Plaintiff asserts eight causes of action: (i) two claims under the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. §§ 1589-90 (Compl. ¶¶ 76-94); (ii) one claim for material misrepresentations and omissions (Compl. ¶¶ 95-104); (iii) one claim for failure to pay proper wages under Fair Labor Standards Act (Compl. ¶¶ 105-15); (iv) three claims for failure to pay proper wages under the New York Labor Law (Compl. ¶¶ 116-34); and (v) one claim for quantum meruit (Compl. ¶¶ 135-37).

One month later, Patel filed an answer on behalf of all Defendants. (Answer, Docket Entry 8, at 1.) Judge Lindsay informed Patel that he "does not have legal authority to represent

---

[1] Plaintiff asserts that this case is a class action lawsuit, (Compl. ¶ 1), but currently, no class has been certified.

2

the other individual and corporate defendants," thereby nullifying Patel's answer as to any other party but him.  (Apr. 8, 2015 Minute Entry, Docket Entry 15.)  Archon, Inc., Archon Distribution, Inc., and Gajra failed to answer the Complaint or otherwise defend themselves, so the Clerk of the Court certified the default against them on April 16, 2015.  (Docket Entry 19.)

Eight days later, Plaintiff moved for default judgment against all Defendants except for Patel.  (Docket Entry 20.)[2]  On July 6, 2015, the undersigned referred Plaintiff's motion to Judge Lindsay for an R&R as to whether the motion should be granted.

Judge Lindsay issued her R&R on January 20, 2016, recommending that the Court deny Plaintiff's motion for default judgment against Archon Distribution, Inc. until the Court further inquires into whether service of process was proper.  (R&R at 6-8.)  Judge Lindsay also recommends that the Court deny Plaintiff's motion for default judgment against Archon, Inc. but grant Plaintiff leave to renew its motion and file a memorandum of law with applicable case law and arguments in support.  (R&R at 9-12.) Judge Lindsay further recommends that the Court vacate the Clerk's entry of default against Gajra and that he be granted twenty (20) days to Answer.  (R&R at 8-9.)

---

[2] Plaintiff filed a corrected notice of motion on April 30, 2015. (Docket Entry 22.)

3

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen (14) days of service of the R&R. The time for filing objections has expired, and no party has objected. Thus, all objections are deemed to be waived.

Upon careful review and consideration, the Court finds Judge Lindsay's R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety.

## CONCLUSION

For the foregoing reasons, Judge Lindsay's R&R (Docket Entry 71) is ADOPTED in its entirety. Plaintiff's motion for default judgment (Docket Entries 20, 22) is DENIED as to Archon Distribution, Inc. until the Court can inquire further into whether service of process was proper. Plaintiff's motion is also DENIED as to Archon, Inc. with leave to renew its motion along with a memorandum of law with applicable case law and arguments in support.

      The Clerk of the Court is directed to VACATE the entry of default against Mohammed Ashif "Mike" Gajra and he is GRANTED twenty (20) days from the date of this Memorandum & Order to Answer.

                                        SO ORDERED.

                                        /s/ JOANNA SEYBERT_____
                                        Joanna Seybert, U.S.D.J.

Dated:    March \_\_7\_\_, 2016
           Central Islip, New York