UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMJAD SAIYED,<br><br>              Plaintiff,<br><br>v.<br><br>ARCHON, INC. et al.,<br><br>              Defendant. | Civil Action No. 16-9530 (JMV)<br><br>OPINION AND ORDER |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on a motion by Plaintiff Amjad Saiyed ("Plaintiff") for leave to file an Amended Complaint [ECF No. 144]. Defendants Rashid Patel and Mohammed Ashif Gajra ("Defendants") opposes Plaintiff's motion [ECF. Nos. 163, 166, 167]. For the reasons set forth below, Plaintiff's motion to amend his Complaint [ECF. No. 144] is **GRANTED.**

### I.  BACKGROUND AND PROCEDURAL HISTORY

Plaintiff initiated this action by filing his Complaint in the United States District Court for the Eastern District of New York ("EDNY") on November 21, 2014. *See* Compl., ECF No. 1 ("Complaint"). Essentially, Plaintiff's Complaint alleges that Defendants refused to pay him minimum wages and "engaged in systematic mistreatment of Plaintiff." *See* Compl. ¶¶ 52-57. Plaintiff asserts eight causes of action including, *inter alia*, one claim for failure to pay proper wages under the Fair Labor Standards Act [Compl. ¶¶ 105-15], and three claims for failure to pay proper wages under the New York Labor Law [Compl. ¶¶ 116-34].

On September 13, 2016, Plaintiff filed a motion to amend his Complaint in the EDNY [ECF No. 119]. Shortly afterwards, and before Plaintiff's motion to amend could be decided, this

1

matter was transferred to the District of New Jersey by the Honorable Judge Joanne Seybert. *See* ECF No. 137. The Court held a conference call with the parties on March 20, 2017 and the Court issued an Order granting Plaintiff leave to file a motion to amend his Complaint [ECF No. 143]. Plaintiff filed said motion on March 24, 2017 [ECF No. 144] and Defendants filed their opposition [ECF. Nos. 163, 166, 167].[1]

Plaintiff's proposed amendments include additional claims for violation of New Jersey's Wage and Hours laws arising out of Defendants' alleged failure to pay Plaintiff wages owed to him while working for Archon, Inc. and Archon Distribution, Inc.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) governs requests for leave to amend, allowing a party to amend its pleadings after obtaining the Court's leave or the written consent of its adversary. Under this liberal rule, the Court must "freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2); see also Wright & Miller section 1484, at 676 ("Subdivision (a)(2) encourages the court to look favorably on requests to amend."). This lenient standard ensures that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir.1990) (internal citation omitted); see also *Sabatino v. Union Township*, No., 2013 WL 1622306, at *6 (D.N.J. April 15, 2013) (internal citations omitted) (discussing that "if the underlying facts relied upon by a party might be a proper subject of relief, that party should have the opportunity to test its claims on the merits.").

---

[1] The Court notes that Defendants Rashid Patel and Mohammed Ashif Gajra filed separate opposition papers but rely on the same argument. Defendant Mohammed Gajra's Brief in Opposition and Certification can be found at ECF No. 163. Defendant Rashid Patel's Brief in Opposition can be found at ECF No. 166 and his Certification at ECF No. 167. Since Defendants' arguments are identical, the Court will only cite to Gajra's opposition papers throughout this opinion.

The decision to grant or deny leave to amend under Rule 15(a) is "committed to the sound discretion of the district court." *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir.1993). While courts have broad discretion to decide motions to amend, they must "heed Rule 15(a)'s mandate that amendments are to be granted freely in the interests of justice." *Voilas et al. v. General Motors Corp.*, et al, 173 F.R.D. 389, 396 (D.N.J.1997) (internal citations and quotations omitted). In the absence of unfair prejudice, futility of amendment, undue delay, bad faith, or dilatory motive, the court must grant a request for leave to amend. *Grayson v. Mayview State Hosp.*, 292 F.3d 103, 108 (3d Cir.2002); see also *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir.2006) (stating that generally, leave to amend should be granted "unless equitable considerations render it otherwise unjust.").

Additionally, in claims for unpaid wages, unpaid overtime compensation, or other damages, New Jersey imposes a two-year statute of limitations from the commencement of an action for recovery. N.J. Stat. Ann. § 34:11-56a25.1 (West). However, "[w]here an amendment relates back, Rule 15(c) allows a plaintiff to sidestep an otherwise-applicable statute of limitations, thereby permitting resolution of a claim on the merits, as opposed to a technicality." *Id.* Furthermore, "Rule 15(c) endeavors to preserve the important policies served by the statute of limitations-most notably, protection against the prejudice of having to defend against a stale claim, as well as society's general interest in security and stability—by requiring 'that the already commenced action sufficiently embraces the amended claims.' "*Id.* (quoting *Nelson v. Cnty. of Allegheny,* 60 F.3d 1010, 1014–15 (3d Cir.1995)).

Under Federal Rule of Civil Procedure 15(c)(1)(B), "[a]n amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original

3

pleading." Fed.R.Civ.P. 15(c)(1)(B). Consequently, "it is well-established that the touchstone for relation back is fair notice, because Rule 15(c) is premised on the theory that 'a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide.'" *Glover,* 698 F.3d at 146 (quoting *Baldwin Cty. Welcome Ctr. v. Brown,* 466 U.S. 147, 149 n. 3, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984)). As a result, "only where the opposing party is given 'fair notice of the general fact situation and the legal theory upon which the amending party proceeds' will relation back be allowed." *Glover,* 698 F.3d at 146 (quoting *Bensel v. Allied Pilots Ass'n,* 387 F.3d 298, 310 (3d Cir.2004)). Alternatively, "amendments that significantly alter the nature of a proceeding by injecting new and unanticipated claims are treated far more cautiously." *Glover,* 698 F.3d at 146 (internal citation and quotations omitted).

### III. DISCUSSION

Defendants claim that they would be prejudiced by Plaintiff's proposed amendments because the parties have already began conducting depositions, and the parties will likely need additional discovery which will be timely and costly. Def.s' Br. Opp'n ¶ 5, ECF No. 163-1.

The Court finds Defendants' argument unpersuasive. Although the parties have begun conducting depositions, discovery remains open and the parties are expected to continue to use the tools of discovery to obtain evidence in support of their case. Furthermore, Plaintiff's proposed amendments will not require Defendants to do anything more than the work normally required in preparing any lawsuit for trial.

Moreover, none of the other factors cited by the Supreme Court as potential justification for denying amendments are present in this case. *See Foman v. Davis*, 371 U.S. at 178, 83 S.Ct. at 227. The proposed amendments will not be futile insofar as Plaintiff's proposed amendments

appear to set forth a facially valid state claim. Furthermore, Plaintiff's proposed amendments are not a repeated attempt to cure deficiencies in his case. Plaintiff is merely adding claims under New Jersey state law to his already existing claims.

Finally, the Court finds that, despite Defendants' argument to the contrary, there has been no undue delay, bad faith or dilatory motive on the part of Plaintiff. Defendants contend that Plaintiff's proposed amendments are made with "dishonest and ulterior motives." Def.s' Br. Opp'n ¶ 4, ECF No. 163-1. Specifically, Defendants argue that Plaintiff had multiple opportunities to amend his Complaint throughout the course of litigation but failed to file the appropriate application. Def.s' Br. Opp'n ¶ 1, ECF No. 163. Defendants also contend that Plaintiff and his attorneys are using tactics to confuse them, and therefore the proposed amendments should be considered abandoned. Def.s' Br. Opp'n ¶ 5, ECF No. 163-1. Finally, Defendants argue that Plaintiff should not be permitted to amend his Complaint since the proposed amendments are barred by the statute of limitations. *Id.* ¶ 3.

Although Plaintiff filed the present motion to amend in the District of New Jersey nearly two and a half years after the case commenced, the delay does not appear to have been caused by any improper motives. Part of the delay appears to have arisen from Plaintiff discharging his original counsel in June of 2016 and substituting his present counsel in September of 2016. *See* ECF Nos. 106, 118. It appears that this substitution of counsel was not a tactic designed by Plaintiff to confuse the Court and delay proceedings. Rather, the Court views this as having been a necessary change on Plaintiff's behalf.

Additionally, within a week of Plaintiff's present counsel appearing in the case, Plaintiff filed his first motion to amend his Complaint on September 13, 2016 [ECF No. 119]. Before the motion could be decided, the case was transferred from the EDNY to the District of New Jersey,

creating even more delay. The Court notes that Plaintiff's first motion to amend was filed before the New Jersey statute of limitations expired.[2] Thus, it appears that Plaintiff made reasonable efforts to amend his Complaint in a timely manner and that the proposed amendments are not a result of undue delay, bad faith or dilatory motives. Therefore, the Court finds that Plaintiff has acted in good faith and has met the test set forth by the Supreme Court under Rule 15(a).

Next, the Court finds that Plaintiff's original Complaint adequately notified Defendants of the basis for liability asserted against them in the amended Complaint because it arose from the same conduct and factual occurrences which, fairly construed, implicated Defendants in Plaintiff's first pleading.

Here, it is undisputed that Plaintiffs claims are governed by New Jersey's two-year statute of limitations. *See* N.J. Stat. Ann. § 34:11-56a25.1 (West). It is also undisputed that, unless the amended Complaint relates back to his original Complaint, Plaintiff's claims are time-barred. Plaintiff's amended Complaint specifically averred that Defendants violated New Jersey's Wage and Hours law by failing to properly compensate Plaintiff for all the hours he worked when he was required to be at work and/or on duty. Mot. Amend . ¶¶ 140-44, ECF No. 144-3. Similarly, Plaintiff's original Complaint alleged that Defendants failed to pay Plaintiff proper wages under the Fair Labor Standards Act. Compl. ¶¶ 135-37. Although Plaintiff's proposed amended pleading states new and different claims, it clearly arose out of the same occurrence set forth in the original Complaint. Furthermore, even though Plaintiff may be alleging a different interpretation of the facts, or that the facts give rise to a different claim, he will still be alleging the same facts which

---

[2] Plaintiff commenced this action by filing his Complaint on November 21, 2014 and his first motion to amend his Complaint was filed on September 13, 2016 [ECF No. 119], which is nearly two months before the statute of limitations on Plaintiff's proposed amendments expired.

give rise to his original cause of action. This is clearly sufficient to satisfy the doctrine of "relation back." Therefore, Fed.R.Civ.P. 15(a) and 15(c) permit Plaintiff to amend his Complaint.

## IV.  CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this 30th day of October, 2017,

**ORDERED** that Plaintiff's motion for leave to file an Amended Complaint [ECF No. 144] is **GRANTED;** and it is further

**ORDERED** that Plaintiff shall file and serve his Amended Complaint within **seven (7) days** from the date of this Order.

s/ James B. Clark, III<br>
**JAMES B. CLARK, III**<br>
**United States Magistrate Judge**