UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

AMJAD SAIYED,

      Plaintiff,

v.

ARCHON, INC., et al.,

      Defendants.

Civil Action No. 16-9530 (JMV)

REPORT & RECOMMENDATION

**CLARK, Magistrate Judge**

    This matter has been opened by the Court *sua sponte* based upon the failure of Defendants Rashid Patel ("Patel") and Mohamed Gajra ("Gajra") (collectively "Defendants") to comply with Court orders and defend this case. For the reasons set forth below, it is respectfully recommended that Defendants' Answers be stricken and default entered against them.

**BACKGROUND**

    On November 21, 2014, Plaintiff Amjad Saiyed ("Plaintiff") initiated this action by filing a complaint in the United States District Court for the Eastern District of New York alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), *et seq.* and the New York Labor Law. Dkt. No. 1. Patel filed his answer to the complaint on December 16, 2014. Dkt. No. 8. Gajra subsequently filed his answer to the complaint on March 21, 2016. Dkt. No. 89. Thereafter, on December 28, 2016, the matter was transferred from the Eastern District of New York to United States District Court for the District of New Jersey. Dkt. No. 137. On October 30, 2017, the Court granted Plaintiff's motion for leave to amend his complaint. Dkt. No. 172. Plaintiff filed his amended complaint on March 1, 2018. Dkt. No. 188. Both Patel and Gajra filed amended answers to the amended complaint on April 30, 2018. Dkt. Nos. 204, 205.

On May 16, 2019, the Court issued an Order to Show Cause ("OTSC") after Defendants failed to appear/participate at a scheduled May 14, 2019 conference. Dkt. No. 238. The OTSC required Plaintiff's counsel to serve a copy of the OTSC on Defendants by certified mail, return receipt requested, and to file proof of said service with the Court. *Id.* The OTSC also mandated that Defendants submit a position paper no later than June 6, 2019 outlining why their Answers should not be stricken. *Id.* The Court subsequently issued a second OTSC on July 8, 2019.[1] Dkt. No. 244. The Court again required Plaintiff's counsel to serve a copy of the second OTSC on Defendants by certified mail, return receipt requested, and to file proof of said service with the Court. *Id.* The July 8, 2019 OTSC also mandated that Defendants submit a position paper no later than July 31, 2019 outlining why their Answers should not be stricken.[2] *Id.*

On August 2, 2019, Plaintiff's counsel filed an affidavit attesting to service of Defendants of the July 8, 2019 OTSC. Dkt. No. 246. The Court thereafter did not receive any paper submissions, or any other communications, from Defendants. On September 11, 2019, the Court issued an order that it would conduct a conference call with the parties on November 7, 2019, and warned that failure to appear for the conference call may result in the imposition of sanctions. Dkt. No. 250. Defendants then failed to appear/participate in the conference scheduled for November 7, 2019.

## ANALYSIS

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to respond to court orders and for failure to prosecute or defend a case. *See* Fed. R. Civ. P. 37(b)(2). Rule 37(b)(2) explicitly recognizes the court's ability to strike a pleading, in whole or in part, for

---

[1] Plaintiffs' counsel inadvertently failed to serve Defendants the Court's May 16, 2019 OTSC and requested the order be re-issued. *See* Dkt. No. 242.

[2] The deadline for submissions in the July 8, 2019 OTSC was later extended to August 16, 2019. Dkt. No. 247.

failure "to obey an order to provide or permit discovery." *Id.*

However, where a sanction may "deprive a party of the right to proceed with or defend against a claim," courts must weigh the six factors enunciated by the Third Circuit in *Poulis v. State Farm Casualty Co.*, 747 F.2d 863 (3d Cir. 1984) in deciding whether to impose the sanction. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1148 (3d Cir. 1990). The *Poulis* factors are:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Poulis*, 747 F.2d at 868 (emphasis omitted). No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

**1. Defendants' Personal Responsibility**. In this case, it appears that Defendants are solely responsible for their failure to comply with court orders and defend this matter. At the outset, Defendants failed to comply with the July 8, 2019 OTSC and submit a position paper why their Answers should not be stricken. Plaintiff's counsel certified to serving Defendants with the July 8, 2019 OTSC at Defendants' last known addresses, and yet Defendants did not respond when required to do so by the Court. Moreover, Defendants failed to appear/participate in the November 7, 2019 conference despite the Court's warning that such a failure may result in the imposition of sanctions. By failing to communicate with the Court, and by failing to appear/participate in the November 7, 2019 conference, Defendants have effectively abandoned defense of this case.

**2. Prejudice to Plaintiffs.** The Court finds that manifest injustice would result to Plaintiff if Defendants' Answers are not stricken. There is no indication that Defendants intend to participate in this action, and this action cannot resume without them doing so. Defendants'

actions, or lack thereof, support dismissal. *See, e.g.*, *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984). Accordingly, this factor weighs in favor of striking the Answers and entering default against Defendants.

**3. History of Dilatoriness.**  Defendants have a history of dilatoriness. Defendants failed to submit position papers required by the Court.  Additionally, Defendants failed to participate in the November 7, 2019 conference. Defendants' inaction in this regard further supports striking their Answers and entering default against them.

**4. Willfulness or Bad Faith.**  The Court will not conclude that Defendants have proceeded in bad faith.  However, Defendants' conduct has been willful.  Defendants willfully decided not to cooperate with the Court, despite the negative consequences that may result therefrom.  These circumstances, when taken as a whole, suggest that Defendants have abandoned their defense of this case and further weighs against them.

**5. Effectiveness of Alternative Sanctions.**  Defendants' record of unresponsiveness suggests that alternative sanctions would be futile.  Despite delaying this case for months and ordering Defendants to respond and appear, Defendants have not participated in this action.  No other sanction would be effective if the Defendants do not heed them.  See *Joyce v. Continental Airlines, Inc.*, No. 09-2460, 2011 WL 2610098, at *2 (D.N.J. June 15, 2011). As such, alternative sanctions would not be appropriate.

**6. Meritoriousness of the Claims.**  The Court is unable to determine the meritoriousness of Defendants' defenses.

In sum, Defendants did not respond to the Court's Order to make an appearance to show cause why their Answers should not be stricken and default entered against them. Defendants also failed to participate in the November 7, 2019 conference. As such, Defendants' failures and willful

abandonment establish their inability to continue to defend this matter.

## CONCLUSION

The Court having considered this matter pursuant to FED. R. CIV. P. 78 and having given consideration of the *Poulis* factors;

**IT IS** on this **19th** day of **November, 2019**,

**RECOMMENDED** that Defendants' Answers be stricken pursuant to Fed. R. Civ. P. 37(b)(2) and default entered against them.

**ORDERED** that the Clerk of the Court shall serve a copy of this Order by regular mail to Defendants; and it is

**ORDERED** that Plaintiff's counsel shall serve a copy of this Order by certified mail, return receipt requested and regular mail to Defendants.

The parties are advised that they may file an objection within 14 days of the date of this Order pursuant to Fed. R. Civ. P. 72(b)(2).

      s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**