Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

AMJAD SAIYED,

*Plaintiff,*

v.

ARCHON, INC., et al.,

*Defendants.*

Civil Action No. 16-9530

**ORDER**

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on the November 11, 2019 Report and Recommendation (the "R&R") of Magistrate Judge James B. Clark. D.E. 254. The R&R addressed an application by way of a *sua sponte* order to show cause regarding *pro se* Defendants Rashid Patel's and Mohamed Gajra's (collectively "Defendants") failure to comply with Court orders and defend this case. The R&R recommends that Defendants' Answer be stricken pursuant to Fed. R. Civ. P. 37(b)(2) and default entered against them, R&R at 5; and it

**APPEARING** that the parties were advised as to the dates that any objections to this R&R were to be served and filed.[1] *See id.*; and it

---

[1] As ordered by Judge Clark in the R&R, a copy of the R&R was mailed to Gajra via regular and certified mail. The certified mail was returned to the Court as "unclaimed". D.E. 256. As instructed by Judge Clark, Plaintiff's counsel filed certifications of service indicating that Gajra has been served with prior Court orders. *See* R&R at 2. Accordingly, there is no suggestion that Gajra has not received prior orders from this Court and he is likely aware of the current procedural posture. In addition, New Jersey Local Civil Rule 10.1(a) provides that unrepresented parties must apprise the Court of any change of address. If Gajra moved, he should have informed the Court of any address change.

**APPEARING** that no objections to the R&R have been received and the time for filing any objections has expired; and it

**APPEARING** that "where no objections are made in regard to a report or parts thereof, the district court will adopt the report and accept the recommendation if it is 'satisf[ied] . . . that there is no clear error on the face of the record.'" *Sportscare of Am., P.C. v. Multiplan, Inc.*, No. 10-4414, 2011 WL 500195, at *1 (D.N.J. Feb. 10, 2011) (quoting Fed. R. Civ. P. 72 Advisory Committee's Notes); and it

**APPEARING** that this Court independently reviewed the record and the R&R, and hereby adopts it as the Opinion of this Court. In adopting the R&R, this Court is mindful of *Hildebrand v. Allegheny County*, 923 F.3d 128 (3d Cir. 2019), which was decided by the Third Circuit after Judge Clark issued the R&R in this matter. In *Hildebrand*, the Third Circuit reiterated that when possible, cases should be decided on the merits. *Id.* at 132. The Third Circuit also echoed Supreme Court guidance and repeated its prior directions that the sanction of dismissal with prejudice is extreme and "must be a sanction of last, not first, resort." *Id.* (quoting *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867, 869 (3d Cir. 1984)). Here, given Defendants' repeated failure to participate in litigation, this Court concludes that Judge Clark appropriately determined that the *Poulis* factors demonstrate that sanctions are appropriate in this matter;

**THEREFORE**, for the foregoing reasons, and for good cause shown,

**IT IS** on this 7th day of January, 2020,

**ORDERED** that the Court adopts the Report and Recommendation, D.E. 254, in its entirety; and it is further

**ORDERED** that Defendants Rashid Patel's and Mohamed Gajra's Answers, D.E. 204, 205, are **STRICKEN**; and it is further

**ORDERED** that the Clerk of the Court is directed to enter default against Defendants Patel and Gajra; and it is further

**ORDERED** that the Clerk of the Court is directed to mail a copy of this Order via regular and certified mail to Defendants Patel and Gajra.

_____
John Michael Vazquez, U.S.D.J.