NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| AMJAD SAIYED,<br><br>　　　　　*Plaintiff*,<br><br>　　v.<br><br>ARCHON, INC., *et al.*,<br><br>　　　　　*Defendants*. | Civil Action No. 16-9530<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

Pending before the Court is Plaintiff Amjad Saiyed's unopposed motion for default judgment against Defendants pursuant to Federal Rule of Civil Procedure 55(b). D.E. 263. The Court reviewed the submission made in support of the motion and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, Plaintiff's motion is **GRANTED in part** and **DENIED in part**.

## I.    FACTS AND PROCEDURAL HISTORY[1]

Plaintiff commenced this putative class action on November 21, 2014 in the Eastern District of New York alleging, among other things, that Defendants failed to pay him and other similarly situated employees overtime and minimum wage in violation of the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and New Jersey Wage and Hour Law ("NJWHL"). D.E. 1. Plaintiff was employed by Defendant Archon Inc. and/or Archon

---

[1] The Court derives the facts from Plaintiff's Amended Complaint, D.E. 188, as well as the affidavits and exhibits submitted in conjunction with Plaintiff's motion for default judgment. *See Trs. of the Teamsters Pension Trust Fund of Phila. & Vicinity v. Riccelli Premium Produce, Inc.*, No. 10-3000, 2011 WL 1114175, at *1 (D.N.J. Mar. 23, 2011).

Distribution, Inc. from approximately January 2009 until he was terminated on December 19, 2013.[2]  Am. Compl. ¶¶ 25, 74.  Plaintiff is from India, and represents that Archon submitted U.S. Citizenship and Immigration Services ("USCIS") Form I-129, which enabled Plaintiff to obtain a visa to work in the United States.  Plaintiff maintains that throughout his employment, Archon represented on USCIS forms that it paid Plaintiff vastly different salary amounts than what Plaintiff was actually paid.  *Id.* ¶¶ 23-50.  Plaintiff also contends that he was forced to work under oppressive conditions and was mistreated.  Plaintiff contends that he tolerated these conditions out of fear of deportation.  *Id.* ¶¶ 54-73.

Defendant Rashid Patel filed an Answer on December 16, 2014, D.E. 8, and Defendant Mohamed Gajra filed an Answer on March 21, 2016, D.E. 89.  On December 27, 2016, the matter was transferred to this Court.  D.E. 137.  Plaintiff subsequently filed his Amended Complaint, D.E. 188,[3] to which Patel and Gajra filed Answers, D.E. 204, 205.  In the Amended Complaint, Plaintiff asserts claims under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595; common law fraud; the FLSA; NYLL; quantum meruit; and NJWHL on behalf of himself and a class of similarly situated employees.  D.E. 188.  On April 9, 2018, the Clerk of the

---

[2] Plaintiff appears to refer to Archon, Inc. and Archon Distribution, Inc. as a single entity.  It appears that Archon, Inc. was initially Plaintiff's employer but on or about January 1, 2011 and going forward, Plaintiff's paychecks were issued by Archon Distribution, Inc.  Am. Compl. ¶¶ 25-26.  In addition, Plaintiff pleads that individual Defendants Rashid Patel and Mohamed Gajra had active control over both entities.  *Id.* ¶¶ 5-6.

[3] Plaintiff first filed his Amended Complaint at D.E. 173 but it was inadvertently mis-captioned.  Plaintiff's counsel filed a corrected copy on March 1, 2018.  D.E. 187-88.  In this Opinion, the Court refers to the corrected Amended Complaint.  D.E. 188.

Court entered default as to Defendants Archon, Inc. and Archon Distribution, Inc. for failure to plead or otherwise defend.[4]

On May 16, 2019, Judge Clark issued an Order to Show Cause ("OTSC") after Patel and Gajra failed to appear at a May 14, 2019 conference. The OTSC required that both Defendants submit a response by June 6, 2019 explaining why their Answers should not be stricken. D.E. 238. Because Patel and Gajra were not served with the initial OTSC, Judge Clark issued a second OTSC on July 8, 2019, which required responses by July 31, 2019. D.E. 244. On August 2, 2019, Plaintiff's counsel submitted an affidavit attesting that Patel and Gajra were served with the July 8 OTSC. D.E. 246. Neither Patel nor Gajra responded to the July 8 OTSC.

On September 11, 2019, Judge Clark issued an order scheduling a conference call with the parties on November 7, 2019, warning that the failure to appear for the conference call may result in sanctions. D.E. 250. Patel and Gajra failed to appear for the call. As a result, on November 19, 2019, Judge Clark issued a Report and Recommendation ("R&R") explaining that Patel and Gajra's Answers should be stricken and default entered against them for their failure to comply with Court orders and defend the case. D.E. 254. Patel and Gajra did not respond to the R&R, and on January 8, 2020, this Court entered an Order adopting the R&R. D.E. 257. The Clerk of the Court subsequently entered default as to Patel and Gajra. On March 23, 2020, Plaintiff filed the instant motion for default judgment as to all Defendants.

## II.    STANDARD OF REVIEW

Rule 55 allows for the entry of default against a party that fails to plead or otherwise defend claims asserted against it. Fed. R. Civ. P. 55. The "or otherwise defend" clause allows a court to

---

[4] The Clerk of the Court also entered default as to Patel, but this entry appears to be in error as Patel was litigating the claims against him at this point in time.

enter default judgment "because a party has failed to comply with a court's orders, file a pretrial memorandum or respond to discovery requests" and when a party "fail[s] to appear at a conference after filing an answer." *Jeweled Cross Co. v. Buy-Rite Designs, Inc.*, No. 08-1821, 2010 WL 143689, at *2 (D.N.J. Jan. 12, 2010) (internal citations omitted).

"The entry of a default judgment is largely a matter of judicial discretion." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008).  This discretion, however, "'is not without limits," as the Third Circuit has repeatedly explained that cases should be decided on the merits when practicable. *Id.* (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir.1984)). Accordingly, in entering a default judgment, a court must determine whether (1) it has personal and subject matter jurisdiction; (2) the defendants were properly served; (3) the complaint sufficiently pleads a cause of action; and (4) the plaintiff has proven damages. *Days Inns Worldwide, Inc. v. Jinisha Inc.*, No. 14-6794, 2015 WL 4508413, at *1 (D.N.J. July 24, 2015). Additionally, a court must determine the appropriateness of default judgment by weighing (1) the prejudice suffered by the party seeking default judgment; (2) whether the party subject to the default has a meritorious defense; and (3) the culpability of the party subject to default. *Id.* at *2.

## III.   ANALYSIS

### A.  Jurisdiction

"Before entering a default judgment as to a party 'that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *2 (D.N.J. Jan. 22, 2015) (quoting *Ramada Worldwide, Inc. v. Benton Harbor Hari Ohm, L.L.C.*, No. 08–3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008)).

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as Plaintiff asserts claims under the FLSA, 29 U.S.C. § 216(b) *et seq.*, and the TVPRA, 18 U.S.C. § 1595, thereby raising a federal question.  D.E. 188.  The Court has supplemental jurisdiction over Plaintiff's state law claims because they are related to and form part of the same controversy as Plaintiff's federal claims.  28 U.S.C. § 1367(a).  The Court also has personal jurisdiction over Defendants Archon Inc. and Archon Distribution, Inc., the two Defendants in this matter that did not file an answer.  Both Defendants maintain their principal place of business in New Jersey.  Am. Compl. ¶¶ 3-4.  As a result, both Defendants are considered "at home" in this state and are subject to general jurisdiction here.  *See Int'l Union of Painters v. Andrews Window Servs. LLC*, No. 15-3583, 2016 WL 3234516, at *2 (D.N.J. June 7, 2016).

"In entering a default judgment, a court must [also] determine whether . . . the defendants were properly served . . . ."  *Wyndham Hotel Grp. Can., ULC v. 683079 Ontario Ltd.*, No. 17-4000, 2018 WL 2078704, at *6 (D.N.J. May 2, 2018).  Proper service upon a defendant is governed by Federal Rule of Civil Procedure 4.  *See Trzaska v. L'Oréal USA, Inc*., No. 15-02713, 2017 WL 6337185, at *3 (D.N.J. Dec. 12, 2017).  Pursuant to Rule 4, a corporation can be served "by delivering a copy of the summons and of the complaint to an officer, a managing agent or general agent or any other agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(h)(1)(B).  Here, Plaintiff indicates that Archon, Inc. was served through service on the New York Secretary of State.  D.E. 7 at 3.  The New York Secretary of State is statutorily authorized as an agent to receive service of process for New York corporations.  N.Y. Bus. Corp. §§ 304, 306.  Accordingly, service is proper as to Archon, Inc.

As for Archon Distribution, Inc., Plaintiff personally served Gajra, who is allegedly an owner and "in active control" of Archon Distribution, Inc.  Am. Compl. ¶ 6; D.E. 7 at 5.  Although

Plaintiff contends that Gajra is an owner of Archon Distribution, Inc., when Gajra and Patel were actively litigating this matter, Gajra and Patel represented on numerous occasions that Gajra was not an owner. *See, e.g.*, D.E. 8, 23, 204.  In fact, before this matter was transferred to New Jersey, Magistrate Judge Lindsay refused to conclude that Archon Distribution, Inc. was served via Gajra because "Gajra's authority to accept service is far from clear."  Jan. 20, 2016 R&R at 7-8, D.E. 71, *adopted at* D.E. 81.  Since Plaintiff's initial motion for default judgment was denied by way of Judge Lindsay's R&R, Plaintiff has not clarified whether Gajra was authorized to accept service for Archon Distribution, Inc., or otherwise demonstrated that Archon Distribution, Inc. has been properly served with a summons and a complaint.  "[T]he party asserting the validity of service bears the burden of proof on that issue."  *Grand Entm't Grp. v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993).  Plaintiff's motion, therefore, is denied as to Archon Distribution, Inc. because Plaintiff fails to establish service of process as to the entity.

Further, Patel and Gajra were actively participating in this matter, which included filing motions to transfer the case to this Court and answering the Amended Complaint.  Moreover, Patel and Gajra have not indicated in any manner that this Court lacks personal jurisdiction over them.  Accordingly, Patel and Gajra are deemed to have consented to this Court's personal jurisdiction.  *See In re Asbestos Prods. Liability Litig. (No. VI)*, 921 F.3d 98, 105 (3d Cir. 2019) (explaining that "a party is deemed to have consented to personal jurisdiction if the party actually litigates the underlying merits or demonstrates a willingness to engage in extensive litigation in the forum").  Further, pursuant to Rule 4, an individual may be served by personally delivering a copy of the summons and complaint to the individual.  Fed. R. Civ. P. 4(e)(2)(A).  In this instance, both Patel and Gajra were personally served.  D.E. 7.  The Court, therefore, has personal jurisdiction over Patel, Gajra and Archon, Inc.

**B.  Sufficiency in Plaintiff's Claims**

Next, the Court must determine whether the Amended Complaint states a proper cause of action as to the remaining Defendants.  The Court must accept all well-pleaded factual allegations in the pleadings as true, except as to damages.  *Chanel, Inc.*, 558 F. Supp. 2d at 535-36.  At the outset, the Amended Complaint asserts claims on behalf of a putative class.  Plaintiff has not filed a motion for class certification and only indicates that he seeks default judgment as to himself.  As a result, the Court only considers the claims as to Plaintiff individually.  In addition, the Court only considers Plaintiff's claims as to Patel, Gajra and Archon, Inc.

**1.  TVPRA Claims (Counts One and Two)**

In Counts One and Two, Plaintiff asserts claims under the TVPRA, 18 U.S.C. § 1595.  Am. Compl. ¶¶ 78-96.  The TVPRA permits individuals to bring a civil claim for violations of Chapter 77 of the United States Criminal Code.  18 U.S.C. § 1595.  In Count One, Plaintiff alleges that Defendants violated 18 U.S.C. § 1589, which creates liability for:

> (a) Whoever knowingly provides or obtains the labor or services of a person by any one of, or by any combination of, the following means--
> > (1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person;
> > (2) by means of serious harm or threats of serious harm to that person or another person;
> > (3) by means of the abuse or threatened abuse of law or legal process; or
> > (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint

18 U.S.C. § 1589(a).  "Abuse or threatened abuse of law or legal process," in turn, is defined as follows:

> [T]he use or threatened use of a law or legal process, whether administrative, civil, or criminal, in any manner or for any purpose

> for which the law was not designed, in order to exert pressure on another person to cause that person to take some action or refrain from taking some action.

18 U.S.C. § 1589(c)(1).

Plaintiff is from India and moved to the United States to work for Archon. Am. Compl. ¶ 22. Moreover, Archon's attorney submitted a Form I-129 for Plaintiff. *Id.* ¶ 23. While not explicitly stated, it appears that Archon sponsored Plaintiff's H-1B visa and his family members' H-4 visas, which allowed Plaintiff and his family to live and work in the United States. Plaintiff alleges that while employed, Defendants forced him to him to work under oppressive conditions through the fear of deportation, threats of physical harm to Plaintiff, and threats of harm to other employees and their families. Am. Compl. ¶¶ 54-73. Moreover, Plaintiff alleges that Defendants underpaid Plaintiff for his work. *Id.* ¶¶ 22-50. Finally, Plaintiff alleges that Defendants threatened to withdraw their support of Plaintiff's visa if Plaintiff did not perform unpaid errands and chores for Defendants without compensation. *Id.* ¶ 58.

The threat to withdraw support for a plaintiff's work visa can be sufficient to state a claim under the TVPRA. *See Adia v. Grandeur Mgmt., Inc.*, 933 F.3d 89, (2d Cir. 2019) ("In the context of Adia's circumstances, the defendants' alleged threat to cancel their [immigration] sponsorship constitutes abuse of legal process for purposes of subsection 1589(a)(3)."); *Aguirre v. Best Care Agency, Inc.*, 961 F. Supp. 2d 427, 444 (E.D.N.Y. 2013) ("The threat of deportation alone may support a claim for forced labor."). Plaintiff's allegations here, however, are too vague. Plaintiff's most specific allegation is that "Defendants threatened to withdrawal [sic] support of Plaintiff's family's H-4 visa status unless Plaintiff and his family performed chores and errands for Defendants, without any compensation whatsoever." Am. Compl. ¶ 58. But Plaintiff refers to the Defendants collectively and fails to attribute any explicit threats to any specific Defendant. Mere

"conclusory allegations against defendants as a group" that "fail to allege the personal involvement of any defendant" are insufficient to survive a motion to dismiss. *Galicki v. New Jersey*, No. 14-169, 2015 WL 3970297, at *2 (D.N.J. June 29, 2015). Instead, a plaintiff must allege facts that "establish each individual [d]efendant's liability for the misconduct alleged." *Id.* As a result, the Court will not grant default judgment as to any Defendant for Count One.

Plaintiff also alleges that Defendants violated 18 U.S.C. § 1590 in Count Two. Section 1590 states that "[w]however knowingly recruits, harbors, transports, provides or obtains by any means, any person for labor or services in violation of this chapter shall be fined under this title or imprisoned[.]" 18 U.S.C. § 1590(a). Thus, Section 1590(a) "imposes liability for trafficking . . . separate and distinct from liability for forced labor or services." *Gilbert v. U.S. Olympic Comm.*, 423 F. Supp. 3d 1112, 1133 (D. Colo. 2019). Here Plaintiff does not plead any facts demonstrating that he was a victim of trafficking. Rather, Plaintiff pleads that he learned about the employment opportunity with Archon from his brother and that Plaintiff then began the process of applying for a visa and of moving his family to the United States. Am. Compl. ¶ 22. Accordingly, Plaintiff fails to state a claim in Count Two.

## 2. Workplace Conditions Claims (Counts Four through Seven and Nine through Eleven)

In Count Four, Plaintiff alleges that Defendants failed to pay him overtime and/or minimum wage in violation of the FLSA. "The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013)). Under the FLSA, employers must pay their employees at least a specified minimum hourly wage for work performed, 29 U.S.C. § 206, and must pay one and a one-half times the employer's "regular rate" of pay for each hour worked in excess of 40 hours a week. 29

U.S.C. § 207(a)(1). Employers who violate these provisions are "liable to the employee or employees affected in the amount of their unpaid minimum wages, or the unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. §216(b).

In Count Ten, Plaintiff alleges that he was not paid overtime wages, in violation of the NJWHL. The NJWHL mirrors its federal counterpart. *Nieves v. Top Notch Granite & Marble LLC*, No. 10-1589, 2011 WL 2937352, at *3 (D.N.J. 2011) (citing *Crisostomo v. Exclusive Detailing, Inc.*, No. 08-1771, 2010 WL 2640183, at *5 (D.N.J. June 28, 2010) (finding that the NJWHL is analogous to the FLSA and therefore "interpretations construing FLSA are applicable"). Indeed, the NJWHL requires employers to pay their employees at least the federal minimum hourly wage rate set by the FLSA and at least time and a half for working in excess of forty hours a week. N.J. Stat. Ann. §§ 34:11-56a; 34:11-56a4. Thus, the Court considers Plaintiff's FLSA and NJWHL claims together.[5]

Plaintiff provides salary information for 2009 through 2013. Ordinarily, a claim for unpaid compensation under the FLSA must be "commenced within two years after the cause of action accrued." 29 U.S.C. § 255(a). Claims brought pursuant to the NJWHL must also be filed within two years of the date of accrual.[6] *Garcia v. Tenafly Gourmet Farms, Inc.*, No. 11-6828, 2012 WL

---

[5] The Court notes that while Defendants may be liable under both statutes, Plaintiff may only recover for his unpaid wages once. *See Nieves*, 2011 WL 2937352, at *3 ("A plaintiff, however, cannot recover under both the FLSA and NJWHL, since recovery under the NJWHL would duplicate recovery under the FLSA.").

[6] On August 6, 2019, after Plaintiff filed his Complaint, the statute of limitations to recover unpaid overtime compensation under the NJWHL was extended from two to six years. 2019 N.J. Sess. Law Serv. Ch. 212 (West 2019). In most cases, courts "have long followed a general rule of statutory construction that favors prospective application of statutes." *Cruz v. Cent. Jersey Landscaping*, 195 N.J. 33, 45 (2008). A statute is given retroactive effect only (1) where the Legislature has declared such an intent, either explicitly or implicitly, (2) "when an amendment is

715316, at *3 (D.N.J. Mar. 5, 2012) (explaining that NJWHL claims are subject to a two-year statute of limitations and there is "no reason to distinguish between the accrual of claims . . . under the FLSA and . . . the NJWHL").  If an employer willfully violates the FLSA, however, it "extends the FLSA's limitations period from two years to three, bringing another year of lost pay within the scope of the worker's claim."  *Souryavong v. Lackawanna County*, 872 F.3d 122, 126 (3d Cir. 2017) (citing 29 U.S.C. § 255(a)).  "Willfulness under the FLSA is established where 'the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA.'"  *Stone v. Troy Constr., LLC*, 935 F.3d 141, 150 (3d Cir. 2019) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).

Here, Plaintiff sufficiently alleges that Defendants' violations of the FLSA were willful.  *See* Am. Compl. ¶ 116; *see also* ¶¶ 44-45 (representing to the USCIS that Plaintiff was paid more than double the amount reflected in Plaintiff's 2013 W-2).  Because Plaintiff filed his Complaint on November 21, 2014, he can recover his unpaid wages under the FLSA from November 21, 2011 until his termination.  But while Plaintiff largely refers to the entity Defendants collectively, he does plead that as of January 1, 2011, Plaintiff's paychecks were issued by Archon Distribution, Inc.  Am. Compl. ¶ 27.  Accordingly, it appears that Archon Distribution, Inc. was Plaintiff's employer during the critical time period.  But, as discussed, Plaintiff's motion for default judgment is denied as to Archon Distribution, Inc. because Plaintiff fails to establish that he properly served

---

curative, or (3) when the expectations of the parties so warrant."  *Id.* at 46 (internal citations omitted).  The NJWHL amendment states that except for one section, not at issue here, "[t]his act shall take effect immediately."  2019 N.J. Sess. Law Serv. Ch. 212 (West 2019).  Thus, there is no legislative indication that the statute of limitations extension was intended to apply retroactively. In addition, the amendment is not curative.  *See Botis v. Estate of Kudrick*, 421 N.J. Super. 107, 118 (App. Div. 2011) (explaining that an amendment is curative "if it is designed merely to carry out or explain the intent of the original statute").  Finally, Plaintiff does not indicate that he anticipated this change to the statute of limitations or expected the amendment to retroactively apply.  Thus, the two-year limitations period applies to Plaintiff's NJWHL claim.

the entity.  Because Archon, Inc. does not appear to have been Plaintiff's employer during the relevant period, Plaintiff's FLSA claims are denied as to Archon, Inc.

Turning to Patel and Gajra, Plaintiff pleads that both are owners of Archon Distribution, Inc. and were in "active control" of the entity.  Am. Compl. ¶¶ 5-6.  "The FLSA imposes individual liability on 'any person acting directly or indirectly in the interest of the employer in relation to an employee.'"  *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 153 (3d Cir. 2014) (quoting 29 U.S.C. § 203(d)).  Accordingly, a corporation's owners, officers, or supervisory employees may also be liable.  *Id.*  Because the Court must accept Plaintiff's pleaded allegations as true, *Chanel, Inc.*, 558 F. Supp. 2d at 535-36, the Court concludes that Patel and Gajra may be liable under the FLSA and the NJWHL as joint employers of Archon Distribution, Inc.

Plaintiff pleads that while employed by Archon Distribution, Inc., he regularly worked 12 hours a day, seven days a week and was not provided with vacation days, holidays, or sick days.  Am. Compl. ¶¶ 55-57, 62-63.  In 2013, for example, Plaintiff pleads that his W-2 indicates that he was paid $20,098.00 for the year.  *Id.* ¶ 45.  Accordingly, Plaintiff pleads that he was not paid a minimum wage in 2013.  *See* U.S. Dept. of Lab., Wages & Hour Div., *Changes in Basic Minimum Wages in Non-Farm Employment Under State Law: Selected Years 1968 to 2019)*, https://www.dol.gov/agencies/whd/state/minimum-wage/history (stating that the federal minimum wage in 2013 was $7.25).  In addition, given the fact that Plaintiff was paid less than minimum wage, Plaintiff also sufficiently establishes that he was not paid an overtime wage when he worked more than forty hours in a given week, which was allegedly a frequent occurrence.  Therefore, Plaintiff states a claim in Counts Four and Ten as to Patel and Gajra.

Plaintiff also alleges that he was not paid for all hours worked in violation of the FLSA in Count Four and in violation of the NJWHL in Count Nine.  "Among the bedrock principles of the

FLSA is the requirement that employers pay employees for all hours worked." *Smiley v. E.I. DuPont De Nemours & Co.*, 839 F.3d 325, 330 (3d Cir. 2016).  The NJWHL also requires that an employer pay its employees at least minimum wage for all hours worked.  N.J. Stat. Ann. § 34:11-56a4(a); N.J. Ann. Code § 12:56-5.1.  Here, Plaintiff pleads that he performed chores and errands for Defendants without compensation.  Am. Compl. ¶ 58.  Accordingly, Plaintiff also states a claim for unpaid wages in violation of the FLSA and NJWHL as to Patel and Gajra in Count Nine.

In addition, Plaintiff contends that Defendants violated NYLL § 195 in Count Seven. Section 195 requires employers to provide accurate wage statements to their employers.  N.Y. Labor § 195.  Outside of Plaintiff's conclusory allegation that Defendants failed to provide Plaintiff with accurate wage statements, Am. Compl. ¶ 135, the Amended Complaint is devoid of specific allegations to support this claim.  Plaintiff, therefore, fails to state a claim in Count Seven.

In Count Five, Plaintiff alleges that the USCIS Letters bind Archon to employing Plaintiff and should be treated as Plaintiff's employment contract.  Thus, Plaintiff maintains that he is entitled to the difference between the amount that he was actually paid and the amount that Archon represented it was paying Plaintiff to the USCIS.  Am. Compl. ¶ 121.  Plaintiff alleges that this conduct violates NYLL § 198.  Section 198 sets forth remedies for violations of the NYLL. Plaintiff provides no authority for his allegation that the USCIS letters constitute an employment contract.  As a result, the Court concludes that Plaintiff fails to state a claim in Count Five.

In Count Six, Plaintiff maintains that pursuant to 12 N.Y.C.R.R. § 146-1.6, he is entitled to additional pay for days that he worked more than ten hours.  But this regulation applies to restaurants and hotel employees, and Plaintiff provides no facts indicating that he worked at a restaurant or hotel.  Consequently, Plaintiff also fails to state a claim in Count Six.

Finally, in Count Eleven, Plaintiff alleges that Defendants failed to advise Plaintiff of changes to his hourly rate and failed to pay Plaintiff backpay and overtime.  Plaintiff's allegations about the failure to pay backpay and overtime are addressed through other claims in the Amended Complaint.  As for Plaintiff's allegation about changes to his hourly rate, Plaintiff does not plead facts demonstrating what his hourly rate actually was, that it changed during his employment, and/or that any Defendant failed to inform him of a change.  As a result, default judgment will not be granted as to Count Eleven.

### 3.  Common Law Claims

#### a.  Fraud (Count Three)

To state a common law fraud claim, a plaintiff must plead "(1) representation of a material fact, (2) falsity, (3) scienter, (4) reliance, and (5) injury."  *Owusu v. N.Y. State Ins.*, 655 F. Supp. 2d 308, 319 (S.D.N.Y. 2009).[7]  In addition, when pleading a fraud claim, Federal Rule of Civil Procedure 9(b) imposes a heightened pleading standard.  Specifically, a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake," but "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).  A plaintiff must plead fraud with sufficient particularity such that he puts the defendant on notice of the "precise misconduct with which [he is] charged."  *Lum v. Bank of Am.*, 361 F.3d 217, 223-24 (3d Cir. 2004), *abrogated in part on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).  "To satisfy this standard, the plaintiff must plead or allege the date, time, and

---

[7] When a case is transferred for the convenience of the parties under 28 U.S.C. § 1404(a), the court in the district "to which the case has been transferred . . . must apply the law of the transferor state."  *Lafferty v. St. Riel*, 495 F.3d 72, 76 (3d Cir. 2007).  Because Plaintiff filed this matter in the Eastern District of New York, and it was transferred to this Court for the convenience of the parties, D.E. 133, the Court applies New York substantive law pursuant to New York's choice-of-law rule.

place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007).

In this instance, Plaintiff alleges that Defendants made misrepresentations and omissions to Plaintiff regarding "(a) his immigration status; (b) his payments; (c) his benefits; and (d) his required work hours." Am. Compl. ¶ 99. Plaintiff, however, provides insufficient details about any purportedly wrongful statement, which Defendant made the statement, or when the statements were made. Accordingly, Plaintiff fails to sufficiently plead a claim for fraud.

### b. Quantum Meruit (Count Eight)

In Count Eight, Plaintiff contends that Defendants received services from Plaintiff without fully compensating him, and that this entitles Plaintiff to the quantum meruit for the value of his services. Am. Compl. ¶¶ 138-39. Plaintiff's allegations in Count Eight are premised on the same conduct as alleged in Plaintiff's FLSA claims and seek the same relief – Plaintiff's unpaid wages. Because the Court already determined that Plaintiff is entitled to default judgment for his FLSA claims, the Court will not enter default judgment as to Count Eight. *See Sosnowy v. A. Perri Farms, Inc.*, 764 F. Supp. 2d 457, 470 (E.D.N.Y. 2011)(dismissing unjust enrichment claim premised on minimum wage and overtime violations of the FLSA as preempted). Plaintiff is not entitled to a double recovery.

### C. Damages

While the factual allegations of the complaint "will be taken as true" for a motion for default judgment, the amount of damages must still be proven. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). Further, courts have "considerable latitude in determining the amount of damages" to award with respect to a motion for default judgment. *Paniagua Grp., Inc. v. Hospitality Specialists, LLC*, 183 F. Supp. 3d 591, 605 (D.N.J. 2016).

Plaintiff contends that he should be awarded $6,000,000 in damages.  Saiyed Cert. ¶ 13, D.E. 263-10.  Plaintiff, however, provides no factual support for this amount.  Instead, Plaintiff asks that this Court schedule a hearing to determine his damages in this matter.  D.E. 261. Although the Court may conduct a hearing to determine the amount of damages, Fed. R. Civ. P. 55(b), a hearing is not necessary "so long as [the Court] ensures that there is a basis for the damages specified in the default judgment."  *Paniagua Grp., Inc.*, 183 F. Supp. 3d at 605 (internal brackets omitted).  Consequently, the Court denies the motion for default judgment as to damages without prejudice and Plaintiff is directed to provide a written submission, with documentary support, that justifies the damages sought with respect to the surviving FLSA and NJWHL claims.  After reviewing this submission, the Court will determine if an evidentiary hearing is necessary.

Plaintiff's attorney also seeks approximately $50,000 in attorney's fees, and submits invoices documenting his work in this case.  Farhi Cert., Ex. G, D.E. 263-8.  The FLSA provides that a prevailing party is entitled to an award of reasonable attorney's fees.  *See* 9 U.S.C. § 216(b). Therefore, Plaintiff is entitled to his reasonable attorney's fees in this matter.  But because Plaintiff is directed to provide additional information as to damages, the Court will not award attorney's fees at this time.  Instead, Plaintiff's attorney is directed to submit updated invoices that document the total time spent on this matter with the supplemental damages submission.

### D.  Default Judgment Factors

Before entering default judgment, district courts must make explicit factual findings as to (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default.  *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608,  2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015).

First, a defendant demonstrates a meritorious defense if "allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984). To establish a meritorious defense, a defendant must provide "specific facts beyond simple denials or conclusionary statements." *Id.* Since the outset of this matter, Gajra and Patel have both represented that Gajra is not an owner and does not have any control of Archon, Inc. or Archon Distribution, Inc. *See, e.g.*, D.E. 8, 23. As discussed, an individual must be an "employer" to be liable under the FLSA. *Thompson*, 748 F.3d at 153. Consequently, Patel and Gajra's repeated representation that Gajra has no control over either entity could serve as a complete defense. Plaintiff, however, fails to address this issue. Because the Court lacks critical information as to Gajra's liability, the Court concludes that default judgment is not appropriate as to Gajra.

Patel's Answer was stricken as a sanction for his failure to comply with Court orders and to defend this case. But even if his Answer was not stricken, Patel failed to provide any specific facts that would establish a complete defense. Additionally, there is nothing on the face of the Amended Complaint indicating that a meritorious defense is available. Because it does not appear that Patel has a meritorious defense, this factor weighs in favor of granting Plaintiff's motion as to Patel.

Next, without a default judgment, Plaintiff has no other means to seek relief for the harm allegedly caused by Patel. As a result, Plaintiff will be prejudiced if default judgment is not entered. *See Int'l Union of Painters*, 2016 WL 3234516, at *3. Moreover, in his R&R recommending that Patel's Answer be stricken and default entered against him, Judge Clark determined that Plaintiff was prejudiced by Patel's failure to participate in this litigation. In fact, Judge Clark stated that "[t]here is no indication that Defendants [Patel and Gajra] intend to

participate in this action, and this action cannot resume without them doing so."  R&R at 3, D.E. 254.  Since Judge Clark issued the R&R, Patel's failure to participate has continued.  Patel did not file an objection to the R&R or respond to this motion.  This further illustrates that Plaintiff is prejudiced by Patel's lack of participation in this matter.

Finally, in *Jeweled Cross Co.*, the court determined that the third factor weighed in favor of a default judgment because the defendant delayed discovery, failed to cooperate with its counsel and did not appear at court hearings.  2010 WL 143689, at *3; *see also Cotapaxi Custom Design & Mfg., LLC v. Pac. Design & Mfg., Inc.*, No. 07-4378, 2010 WL 2330086, at *4 (D.N.J. June 8, 2010) (concluding that default judgment was appropriate where "Defendants failed to obtain new counsel, failed to attend scheduled hearings, and failed to respond to an Order to Show Cause").  Patel engaged in similar conduct here -- he failed to respond to the Court's scheduled filing deadlines and did not appear at Court hearings.  As a result, the Court will also draw an inference of culpability as to Patel due to his failure to meaningfully participate in this litigation.

In sum, the Court finds that default judgment is warranted just as to Patel.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiff's motion for default judgment (D.E. 263) is **GRANTED in part and DENIED in part**.  Default judgment is granted only as to Defendant Rashid Patel and solely as to liability for Counts Four, Nine and Ten of the Amended Complaint.  Default judgment is otherwise denied without prejudice.  As to damages, default judgment is also denied without prejudice, and Plaintiff is directed to provide documentary support for his damages award by December 31, 2020.  An appropriate Order accompanies this Opinion.

Dated:          December 14, 2020

John Michael Vazquez, U.S.D.J.