NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AMJAD SAIYED,<br><br>      *Plaintiff*,<br><br>v.<br><br>ARCHON, INC., *et al.*,<br><br>      *Defendants*. | Civil Action No. 16-9530<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

Presently pending before the Court is Plaintiff Amjad Saiyed's unopposed motion for reconsideration. Plaintiff seeks partial reconsideration of this Court's December 14, 2020 Opinion and Order that granted in part and denied in part Plaintiff's motion for default judgment. D.E. 268. The Court reviewed the submissions made in support of the motion and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, Plaintiff's motion for reconsideration is **GRANTED in part** and **DENIED in part**.

**I.    FACTUAL[1] AND PROCEDURAL HISTORY**

Plaintiff commenced this putative class action on November 21, 2014 in the Eastern District of New York alleging, among other things, that Defendants failed to pay him and other similarly situated employees overtime and minimum wage in violation of the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and New Jersey Wage and Hour Law

---

[1] The Court derives the facts from Plaintiff's Amended Complaint, D.E. 188, as well as the affidavits and exhibits submitted in conjunction with Plaintiff's motion for default judgment and this motion for reconsideration. *See Trs. of the Teamsters Pension Trust Fund of Phila. & Vicinity v. Riccelli Premium Produce, Inc.*, No. 10-3000, 2011 WL 1114175, at *1 (D.N.J. Mar. 23, 2011).

("NJWHL"). Plaintiff brought suit against Archon, Inc. ("Archon, Inc.") and Archon Distribution, Inc. ("Archon Distribution"), the two companies that allegedly employed him, and Rashid Patel and Mohamed Gajra, individuals who were in alleged control of the entities. D.E. 1. On December 27, 2016, the matter was transferred to this Court. D.E. 137.

Plaintiff was employed by Defendant Archon Inc. and/or Archon Distribution (collectively, the "Archon Entities") from approximately January 2009 until he was terminated on December 19, 2013. Am. Compl. ¶¶ 25, 74. Archon Inc. was originally located in New York but at some point during Plaintiff's employment moved to New Jersey. Archon Distribution is located in New Jersey. *Id.* ¶¶ 3-4, 25-26. Plaintiff is from India, and represents that the Archon Entities submitted U.S. Citizenship and Immigration Services ("USCIS") Form I-129, which enabled Plaintiff to obtain a visa to work in the United States. Plaintiff maintains that throughout his employment, the Archon Entities represented on USCIS forms that they paid Plaintiff vastly different salary amounts than what Plaintiff was actually paid. *Id.* ¶¶ 23-50. Plaintiff also contends that he was forced to work under oppressive conditions and was mistreated. Plaintiff alleges that he tolerated these conditions out of fear of deportation. *Id.* ¶¶ 54-73. Plaintiff subsequently filed an Amended Complaint, which asserts claims under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595; common law fraud; the FLSA; NYLL; quantum meruit; and the NJWHL on behalf of himself and a class of similarly situated employees. D.E. 188.

On March 23, 2020, Plaintiff filed a motion for default judgment as to all Defendants. D.E. 263. This Court granted the motion in part and denied the motion in part. Specifically, the Court granted default judgment solely as to Defendant Rashid Patel. The Court also granted default judgment only for Counts Four, Nine and Ten of the Amended Complaint, which are claims for failure to pay overtime and/or minimum wage and unpaid wages under the FLSA and the NJWHL.

Plaintiff's motion for default judgment was otherwise denied without prejudice. D.E. 265. With respect to the dismissed claims, the Court provided Plaintiff with an opportunity to cure the noted deficiencies. *Id.* On January 11, 2021, Plaintiff filed the instant motion for reconsideration, which appears to be Plaintiff's attempt to cure certain deficiencies. D.E. 268.

## II. STANDARD OF REVIEW

Plaintiff seeks partial reconsideration of this Court's December 14, 2020 Opinion and Order pursuant to Federal Rule of Civil Procedure 52. Rule 52 requires that courts make findings of fact and conclusions of law in matters tried without a jury or with an advisory jury. Fed. R. Civ. P. 52(a)(1). Rule 52(b) provides that "on a party's motion . . . after entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly." Fed. R. Civ. P. 52(b). "The purpose of Rule 52(b) is to allow a court to correct manifest errors of law or fact, or in limited circumstances, to present newly discovered evidence, but not to 'relitigate old issues, to advance new theories, or to secure a rehearing on the merits.'" *Gutierrez v. Ashcroft*, 289 F. Supp. 2d 555, 561 (D.N.J. 2003) (quoting *Soberman v. Groff Studios Corp.*, No. 99-1005, 2000 WL 1253211, at *1 (S.D.N.Y. 2000)), *aff'd*, 125 F. App'x 406 (3d Cir. 2005). Ordinarily, a party may not introduce evidence that was previously available but not presented to the court. *Id.* But as discussed, in this instance, the Court expressly gave Plaintiff leave to cure noted deficiencies and provide additional evidence.[2] D.E. 265.

---

[2] To this end, Plaintiff should not have filed a motion for reconsideration. Instead, Plaintiff should have filed a supplemental motion addressing the deficiencies noted by the Court in its prior Opinion. A motion for reconsideration addresses perceived errors in a prior decision. Here, Plaintiff is instead presenting additional evidence and argument that it could (and should) have presented in its initial motion. Simply, the Court could not have erred based on information that was *not* provided to the Court. It is Plaintiff's responsibility to support his motion with all necessary evidence and legal authority. However, because the Court granted Plaintiff leave to cure the deficiencies noted in its prior Opinion, the Court effectively treats it as such a motion.

3

### III.   ANALYSIS

#### A.   Rate of Pay and Accurate Wage Statement Claims

Plaintiff seeks reconsideration of the decision to not grant default judgment for his claim under New York Labor Law § 195.  Plf. Br. at 7.  In Count Seven, Plaintiff alleges that Defendants violated Section 195 by not providing him with accurate wage statements.  And in the Default Judgment Opinion, the Court refused to grant default judgment for Plaintiff's Section 195 claim because he provided conclusory allegations that Defendants failed to provide Plaintiff with accurate wage statements.  Opinion at 13.  Now, Plaintiff provides wage statements to support his claim.  *See* Saiyed Cert., Ex. I.  Because the Court expressly provided Plaintiff with an opportunity to cure the identified deficiencies in the Default Judgment Opinion, the Court grants Plaintiff's motion for reconsideration on these grounds and will consider Plaintiff's wage statements.

Section 195 requires, among other things, that an employer

> furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the benefit portion of the minimum rate of home care aide total compensation as defined in section thirty-six hundred fourteen-c of the public health law ("home care aide benefits"), if applicable; prevailing wage supplements, if any, claimed as part of any prevailing wage or similar requirement pursuant to article eight of this chapter; and net wages.

N.Y. Labor § 195(3).  Plaintiff provides most of his monthly wage statements for the duration of his employment with Defendants.  These wage statements do not list the rate of pay nor do they indicate whether Plaintiff was paid by the hour, shift or the like.  Further, the amount that Plaintiff was paid each month is not consistent throughout his employment with Defendants.  Saiyed Cert., Ex. I.  Consequently, Plaintiff's wage statements do not appear to comply with Section 195.  Based

4

on this new documentary evidence, Plaintiff states a claim in Count Seven of the Amended Complaint and default judgment is now granted as to Count Seven.

Relatedly, Plaintiff maintains that the Court should reconsider its decision that Plaintiff failed to state a claim in Count Eleven. Notice of Motion ¶ 1(f). In Count Eleven, Plaintiff alleges that Defendants failed to advise Plaintiff of changes to his hourly rate and failed to pay Plaintiff backpay and overtime. In the Default Judgment Opinion, the Court determined that Plaintiff failed to plead facts demonstrating what his hourly rate actually was, that it changed during his employment, and/or that any Defendant failed to inform him of a change. Opinion at 14. Because Plaintiff now provides the wage statements, the Court can appropriately assess whether Plaintiff states a claim in Count Eleven regarding changes to Plaintiff's hourly rate of pay. Plaintiff's motion for reconsideration, therefore, is granted on these grounds.

In Count Eleven, Plaintiff asserts a claim under N.J. Stat. Ann. § 34:11-4.6, which states that an employer must "[n]otify his employees at the time of hiring, of the rate of pay." N.J. Stat. Ann. § 34:11-4.6(a). An employer must also "[n]otify his employees of any changes in the pay rates . . . prior to the time of such changes." N.J. Stat. Ann. § 34:11-4.6(b). Here, Plaintiff explains that Defendants never informed Plaintiff of his hourly rate of pay for the duration of his employment with the Archon Entities. Saiyed Cert. ¶ 16. In addition, Plaintiff's wage statements demonstrate that at times, his pay changed. Accordingly, based on this new documentary evidence, Plaintiff also states a claim in Count Eleven of the Amended Complaint and default judgment is now granted as to Count Eleven.

### B. USCIC Letters as Employment Contracts

Plaintiff also seeks reconsideration of Count Five of his Amended Complaint, which alleges that the USCIS Letters "bind Defendant Archon to employing Plaintiff," and should be

treated as an implied employment contract between Plaintiff and Defendants. Am. Compl. ¶ 120. In the Default Judgment Opinion, the Court refused to grant default judgment for Count Five because Plaintiff provided no authority for his allegation that the USCIS Letters constitute an employment contract. Opinion at 13. In the motion for reconsideration, Plaintiff maintains that the USCIS Letters should be construed as an implied contract through a theory of promissory estoppel. Plf. Br. at 8-9. But promissory estoppel is an entirely new legal theory that is not pled in the Amended Complaint. Advancing a new legal theory is not appropriate for a motion for reconsideration, *Gutierrez*, 289 F. Supp. 2d at 561 (quoting *Soberman*, No. 2000 WL 1253211, at *1), is not appropriate when the claim was not raised in relevant pleading, and is notably different from providing additional support for claims that Plaintiff has already pled. Thus, Plaintiff's motion for reconsideration is denied on these grounds.

### C. Archon Inc. as Employer

Next, Plaintiff contends that the Court should reconsider its decision that Archon, Inc. was not Plaintiff's employer for the relevant time period, such that default judgment should be entered against Archon, Inc.[3] Notice of Motion ¶ 1(a). In the Default Judgment Opinion, the Court determined that Plaintiff could recover under the FLSA and the NJWHL from November 21, 2011 until his termination. Opinion at 11. But the Court further concluded that Archon, Inc. was not Plaintiff's employer during the relevant time frame because Plaintiff was paid by Archon Distribution beginning on January 1, 2011. *Id.* With this motion, Plaintiff provides new

---

[3] Plaintiff also contends that the Court should reconsider its decision that Gajra was authorized to accept service of process on behalf of Archon, Inc. Plf. Br. at 5. In the Default Judgment Opinion, the Court determined that Archon, Inc. was properly served in accordance with the Federal Rules of Civil Procedure via the New York Secretary of State. Opinion at 5. As a result, the Court will not address whether Gajra was authorized to accept service on Archon, Inc.'s behalf in this Opinion.

6

documents to support his claim that Archon, Inc. was also Plaintiff's employer. The Court, therefore, grants Plaintiff's motion for reconsideration and will address whether these documents demonstrate that Archon, Inc. was an employer from November 21, 2011 until Plaintiff's termination.

Plaintiff provides W-2's from his employment with the Archon Entities. The 2011, 2012 and 2013 W-2's, however, indicate that Archon Distribution issued Plaintiff's paychecks. Plaintiff's earlier W-2's indicate that Plaintiff was previously paid by Archon, Inc. Saiyed Cert., Ex. H. Accordingly, Plaintiff's W-2's do not support his argument. But Plaintiff also provides a Form I-797A, Petition for Non-Immigrant Worker, that Archon, Inc. completed on Plaintiff's behalf in 2013. This document states that Archon, Inc. employed Plaintiff. *Id.*, Ex. F. Next, Plaintiff provides a series of letters that Archon, Inc. sent to USCIS in support Plaintiff's H-1B petition and employment with Archon, Inc. Two of the letters were written in 2011 and 2013, respectively, and list Archon, Inc. as Plaintiff's employer. *Id.*, Ex. G. These three documents suggest that Archon, Inc. was Plaintiff's employer. Given Plaintiff's factual allegations that Archon, Inc. was his employer and his additional documentary support, the Court concludes that Plaintiff states claims in Counts Four, Seven, Nine, Ten, and Eleven as to Archon, Inc., as each of these claims can be asserted against an employer.

Before entering default judgment, district courts must make explicit factual findings as to (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default. *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). Here, all three factors weigh in favor of entering default judgment as to Archon, Inc. First, considering that Archon, Inc. never responded in this matter, "Defendant has put forth no evidence or facts

7

containing any information that could provide the basis for a meritorious defense." *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *3 (D.N.J. Jan. 22, 2015). Additionally, there is nothing on the face of the Amended Complaint indicating that a meritorious defense is available for Archon, Inc. Next, without a default judgment, Plaintiff has no other means to seek relief for the harm allegedly caused by the entity. As a result, Plaintiff will be prejudiced if default judgment is not entered. *See Int'l Union of Painters v. Andrews Window Servs. LLC*, No. 15-3583, 2016 WL 3234516, at *3 (D.N.J. June 7, 2016). Finally, Archon, Inc.'s failure to answer, without providing any reasonable explanation, permits the Court to draw an inference of culpability on its part. *Id*. As a result, the Court finds that default judgment is warranted as to Archon, Inc. Plaintiff's motion for reconsideration is granted on these grounds.

### D. Gajra's Role with the Entities

Plaintiff argues that this Court incorrectly determined that Gajra was not in active control of the Archon Entities. Plf. Br. at 3-5. In the Default Judgment Opinion, the Court concluded that Plaintiff failed to meet his burden of establishing that Gajra was in active control or an owner of Archon Distribution, Inc. Opinion at 5-6. As a result, the Court determined that Plaintiff failed to meet his burden of establishing that Archon Distribution, Inc. was served because it was not clear if Gajra had authority to accept service on behalf of the entity. *Id.* at 6. The Court also concluded that default judgment was not appropriate as to Gajra because if Gajra did not have control over the entities and was not an owner, he could have a complete defense as to the FLSA and NJWHL claims. *Id.* at 17.

In his motion for reconsideration, Plaintiff contends that he did not previously have an opportunity to rebut Gajra's representations that he was not an owner or in active control of either entity, and now provides information about Gajra's role with the entities. Saiyed Cert. ¶ 4. Again,

8

while providing new factual information that was previously available is not usually an appropriate reason to grant a motion for reconsideration, the Court expressly provided Plaintiff with an opportunity to do so here. As a result, the Court grants Plaintiff's motion for reconsideration and will consider Plaintiff's factual information.

Plaintiff maintains that Gajra was responsible for daily business operations, managed staffing, purchasing and strategic planning, and was in de facto control of the business. *Id.* Moreover, Plaintiff cites to deposition testimony from Patel in which Patel explains that Gajra was in charge of the office in Patel's absence and had the power to hire and fire employees. *Id.* ¶ 6. Next, Plaintiff cites to the March 7, 2016 opinion in this matter, in which Judge Seybert concluded that while it was a "close case," Plaintiff plausibly pled FLSA and NYLL claims against Gajra as an employer. D.E. 80 and 9-10. Given this new information, it seems unlikely that Gajra could have a complete defense to Plaintiff's FLSA, NYLL and NJWHL claims.[4] The remaining default judgment factors, which the Court did not previously consider as to Gajra, also demonstrate that default judgment is appropriate. Plaintiff has no other means to seek relief as to the claims asserted against Gajra, and the Court can draw an inference of culpability as to Gajra due to his failure to meaningfully participate in this litigation. In sum, the Court grants Plaintiff's motion for reconsideration on these grounds and grants default judgment as to Gajra. Further, default judgment is granted as to Gajra for Counts Four, Seven, Nine, Ten, and Eleven, as each of these claims can be asserted against an employer.

---

[4] To be clear, in the Default Judgment Opinion, the Court determined that Plaintiff stated a claim as to Gajra for the FLSA and NJWHL law claim. Opinion at 9-14. In considering the default judgment factors, however, the Court concluded that default judgment was not appropriate because the Court lacked information by which it could determine if Gajra had a complete defense based on his control or lack thereof over the Archon Entities. *Id.* at 17.

Turning to Gajra's ability to accept service on Archon Distribution's behalf, the Court also determines that in light of Plaintiff's new information as to Gajra's role with Archon Distribution, it was reasonable for Plaintiff to believe that Gajra was authorized to accept service on Archon Distribution's behalf. Namely, even if Gajra is not an owner of the corporation, Plaintiff's daily interactions suggested that Gajra acted as such. *See O'Connor v. Altus*, 335 A.2d 545, 556 (N.J. 1975) (explaining that service may be effectuated on a representative who is "so integrated with the organization that he will know what to do with the papers" and "stand[s] in a position as to render it fair, reasonable and just to imply the authority to receive service"). Because Plaintiff now establishes that Archon Distribution was served in accordance with the Federal Rules, the Court must determine whether Plaintiff states a claim as to the entity and if default judgment is appropriate.

As discussed, Plaintiff states claims in Counts Four, Seven, Nine, Ten and Eleven of the Amended Complaint, which can all be asserted against an employer. Moreover, in the Default Judgment Opinion, the Court concluded that Archon Distribution appeared to be Plaintiff's employer during the operative time frame. Opinion at 11. Accordingly, Plaintiff states a claim against Archon Distribution for each of these claims. The Court, therefore, turns to the default judgment factors, which weigh in favor of entering default judgment as to Archon Distribution. First, considering that Archon Distribution never responded in this matter, "Defendant has put forth no evidence or facts containing any information that could provide the basis for a meritorious defense." *HICA Educ. Loan Corp.*, 2015 WL 273656, at *3. Additionally, there is nothing on the face of the Amended Complaint indicating that a meritorious defense is available for Archon Distribution. Next, without a default judgment, Plaintiff has no other means to seek relief for the harm allegedly caused by the entity. As a result, Plaintiff will be prejudiced if default judgment is

10

not entered. *See Int'l Union of Painters*, 2016 WL 3234516, at *3. Finally, Archon Distribution's failure to answer, without providing any reasonable explanation, permits the Court to draw an inference of culpability on its part. *Id*. As a result, the Court finds that default judgment is warranted as to Archon Distribution. Plaintiff's motion for reconsideration is granted on these grounds and default judgment is granted as to the entity for Counts Four, Seven, Nine, Ten and Eleven of the Amended Complaint.

### E.  DAMAGES

Because Plaintiff failed to provide documentary support for his requested damages, the Court gave Plaintiff leave to provide such support. Opinion at 16. Plaintiff now appears to provide the Court with the requested documentary support. D.E. 270. Again, while the factual allegations of the complaint "will be taken as true" for a motion for default judgment, the amount of damages must still be proven. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). Further, courts have "considerable latitude in determining the amount of damages" to award with respect to a motion for default judgment. *Paniagua Grp., Inc. v. Hospitality Specialists, LLC*, 183 F. Supp. 3d 591, 605 (D.N.J. 2016).

Plaintiff states claims for the failure to pay overtime in violation of the FLSA and the NJWHL. Although Defendants may be liable under both statutes, Plaintiff may only recover for his unpaid wages once. *See Nieves v. Top Notch Granite & Marble LLC*, No. 10-1589, 2011 WL 2937352, at *3 (D.N.J. July 19, 2011) ("A plaintiff, however, cannot recover under both the FLSA and NJWHL, since recovery under the NJWHL would duplicate recovery under the FLSA."). As a result, the Court considers Plaintiff's damages under the FLSA only.

Employers who violate the overtime provisions of the FLSA are "liable to the employee or employees affected in the amount of their unpaid minimum wages, or the unpaid overtime

11

compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Because Plaintiff sufficiently alleged that Defendants' violation was willful, the Court previously determined that Plaintiff could recover under the FLSA from November 21, 2011 to his termination. Opinion at 11. Here, Plaintiff provides a spreadsheet detailing the total hours of overtime that he worked for the Archon Entities for the duration of his employment. D.E. 270 at 93-99. Plaintiff alleges that he worked 434 hours of overtime in the last six weeks of 2011, 3,468 hours of overtime in 2012, and 3,372 hours of overtime in 2013. *Id.* Thus according to Plaintiff, he regularly worked over 100 hours a week. Although Plaintiff pleads that he regularly worked more than twelve hours a day, seven days a week, Am. Compl. ¶¶ 62-63, the overtime hours in Plaintiff's spreadsheet appear to be nearly impossible. For example, assuming that Plaintiff did work twelve hours a day, seven days a week, Plaintiff worked 84 hours per week – or 44 hours of overtime. Of course, this assumes that Plaintiff was never sick and never missed a day of work. Yet, even this herculean effort would result in 2,288 hours of overtime per year. Here, Plaintiff claims to have worked over an *additional* 1,000 hours of overtime for the year.

Plaintiff also provides a calculation of how much overtime compensation he is entitled to receive based on these hours. *Id.* Plaintiff, however, bases his overtime calculations on the amounts set forth in the USCIS Letters. *Id.* As discussed, Plaintiff does not establish that the USCIS Letters constitute an employment contract and therefore the Court will not use the salaries contained therein. Therefore, the Court will provide Plaintiff with an additional opportunity to provide documentation of his damages based on this Reconsideration Opinion. Plaintiff shall also provide the Court with its damages calculations for Counts Seven and Eleven.[5] The Court will

---

[5] Plaintiff's documentary support also addresses damages for his breach of contract claim, reimbursement for his USCIS applications, the return of money that he allegedly gave to Defendants, "unemployment losses" from 2016 to 2020, unpaid vacation and holidays, and for

also schedule a hearing regarding Plaintiff's damages, specifically as to the number of hours that Plaintiff worked. Plaintiff may also provide updated information regarding his request for attorney's fees and costs with any updated damages submission.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for reconsideration (D.E. 268) is **GRANTED in part** and **DENIED in part**. Upon reconsideration, default judgment is granted as to all Defendants and as to Counts Four, Seven, Nine, Ten and Eleven of the Amended Complaint. Plaintiff is also provided with leave to submit additional information as to his damages, including attorney's fees and the Court will schedule a hearing as to Plaintiff's damages. Plaintiff's motion is otherwise denied. An appropriate Order accompanies this Opinion.

Dated:    February 25, 2021

_____
John Michael Vazquez, U.S.D.J.

---

"related loss due to a financial deficiency." D.E. 270 at 91. Plaintiff, however, fails to provide any legal basis by which the Court could award these damages.