NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMJAD SAIYED,<br><br>   *Plaintiff*,<br><br>v.<br><br>ARCHON, INC., *et al.*,<br><br>   *Defendants*. | Civil Action No. 16-9530<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

Presently pending before the Court is Plaintiff Amjad Saiyed's supplemental certification in support of his request for damages. D.E. 289. For the reasons that follow, Plaintiff's request for damages is **GRANTED in part** and **DENIED in part**.

**I. BACKGROUND**

On March 23, 2020, Plaintiff filed a motion for default judgment as to all Defendants. D.E. 263. The Court granted the motion in part and denied the motion in part. Specifically, the Court granted default judgment solely as to Defendant Rashid Patel for Counts Four, Nine and Ten of the Amended Complaint. The claims pertain to Patel's failure to pay overtime and/or minimum wage under the Fair Labor Standards Act ("FLSA") and the New Jersey Wage and Hour Law ("NJWHL"). Plaintiff's motion for default judgment was otherwise denied without prejudice. D.E. 265. With respect to the dismissed claims, the Court provided Plaintiff with an opportunity to cure the noted deficiencies. *Id.*

On January 11, 2021, Plaintiff filed a motion for reconsideration, through which Plaintiff attempted to cure certain deficiencies by providing additional evidence and argument. D.E. 268.

On February 25, 2021, the Court entered an Opinion and Order, stating that upon reconsideration,[1] Plaintiff's motion for default judgment was also granted as to all Defendants, and as to liability on Counts Seven and Eleven. Counts Seven and Eleven assert claims that pertain to the accuracy of Plaintiff's wage statements and rate of pay. D.E. 273, 277. The Court, however, denied Plaintiff's motion for default judgment with respect to damages because it questioned Plaintiff's documentary support. The Court directed Plaintiff to provide adequate written support for his damages claims and scheduled a hearing to address Plaintiff's damages. *Id.*

On March 15, 2021, Plaintiff filed a letter resubmitting the same documents that he filed to support his motion for reconsideration, stating that these documents were his proof of damages. D.E. 275. On June 3, 2021, the Court held a hearing via videoconference to address Plaintiff's damages. D.E. 285. During the hearing, the Court granted Plaintiff leave to file additional documents to support his claim for damages. On July 6, 2021, Plaintiff filed an additional certification ("Saiyed Cert.") and brief to support his requested damages. D.E. 289. In his certification, however, Plaintiff continues to rely on the same "Proof of Damages" filed at D.E. 275. Plaintiff's certification does address his poor working conditions, which were discussed at length during the evidentiary hearing. D.E. 289-1. But as will be discussed below, Plaintiff's descriptions and account of his work environment either are not relevant to his surviving claims or, as already discussed in the Motion for Reconsideration Opinion, are seemingly impossible.

---

[1] As explain in the Opinion, Plaintiff's motion was not really a motion for reconsideration. A motion for reconsideration addresses perceived errors in a prior decision but Plaintiff instead presented additional evidence and argument that he could (and should) have presented in the initial motion. But because the Court granted Plaintiff leave to cure the deficiencies noted in the initial Default Judgment Opinion, the Court effectively treated the motion as one for reconsideration.

## II.     STANDARD OF REVIEW

Plaintiff's request for damages arises through his motion for default judgment. Although the factual allegations of the complaint "will be taken as true" for a motion for default judgment, the amount of damages must still be proven. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). Courts have "considerable latitude in determining the amount of damages" to award with respect to a motion for default judgment. *Paniagua Grp., Inc. v. Hospitality Specialists, LLC*, 183 F. Supp. 3d 591, 605 (D.N.J. 2016).

## III.    ANALYSIS

First, Plaintiff seeks $121,509.21 in damages for his breach of contract claims, based on the difference between what he was actually paid and what Defendants represented he would be paid in USCIS I-129 forms that Defendants submitted to the government. Saiyed Cert. ¶¶ 14-37. This is the same amount that Plaintiff previously requested for his breach of contract claim damages. *Id.* ¶ 37 (referring the Court to page 83 of D.E. 275-1). But as discussed in the Default Judgment and Reconsideration Opinions, Plaintiff failed to state a breach of contract claim. Accordingly, the Court did not enter default judgment for his breach of contract claim. DJ Op. at 13; Recon. Op. at 5-6. In addition, the Court instructed Plaintiff to submit support for his damages as they pertain to his FLSA and NJWHL claims, indicating that Plaintiff would not receive damages for his breach of contract claims because he provided no legal basis to support the claim. DJ Op. at 16; Recon. Op. at 12 n.5. Therefore, for the same reasons as previously discussed, the Court will not award Plaintiff these damages.

Plaintiff also seeks well over a $1 million in damages for "unemployment losses," reimbursements he is owed from Defendants, unpaid vacation and holidays, sick days, and for his "financial deficiency" claims. Saiyed Cert. ¶¶ 48-52. Much of the June 3 hearing pertained to

3

these claims, as Plaintiff set forth, at length, his oppressive working conditions to the Court. But in the Reconsideration Opinion, the Court rejected these damages because Plaintiff failed to provide legal authority to support awarding such damages. Recon. Op. at 12 n.5. Accordingly, Plaintiff's account of his employment conditions is largely irrelevant as Plaintiff still fails to provide any legal support for these alleged damages. Thus, the Court will also not award any of these damages to Plaintiff.

The Court also granted default judgment for Plaintiff's claims under N.Y. Labor Law § 195 (Count Seven) and N.J. Stat. Ann. § 34:11-4.6 (Count Eleven), which pertain to the receipt and accuracy of the wage statements Plaintiff received from Defendants. Plaintiff provides no explanation about what damages the Court should award for either of these counts. Consequently, the Court will not award damages for Counts Seven or Eleven.

Next, Plaintiff seeks damages for his FLSA and NJWHL claims. The Court notes that these are the only claims for which Plaintiff was instructed to provide documentary support. Recon. Op. at 12-13. In the Default Judgment and Motion for Reconsideration Opinions, the Court granted default judgment for Plaintiff's claims for the failure to pay overtime in violation of the FLSA and the NJWHL. Because Plaintiff may only recover for his unpaid wages once, the Court considered Plaintiff's damages under the FLSA. Recon. Op. at 11. In addition, the Court determined that Plaintiff sufficiently alleged that Defendants' violation was willful, such that Plaintiff could recover under the FLSA from November 21, 2011, to his termination on December 19, 2013. *Id.* at 11. But as discussed, the Court concluded that Plaintiff did not sufficiently establish the amount of damages that should be awarded and provided Plaintiff with leave to further support his damages claim under the FLSA. *Id.* at 12-13.

Plaintiff does not appear to challenge the Court's decision to only look to the FLSA for damages or to limit his damages to the approximately two-year period. As a result, the Court focuses its analysis on the hours worked and rate of pay. Employers who violate the overtime provisions of the FLSA are "liable to the employee or employees affected in the amount of their unpaid minimum wages, or the unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."[2] 29 U.S.C. § 216(b). "To recover overtime compensation under the FLSA, an employee must prove that he worked overtime hours without compensation, and he must show the amount and extent of his overtime work as a matter of just and reasonable inference." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (citation omitted).

With his motion for reconsideration, Plaintiff provided a spreadsheet detailing the total hours of overtime that he worked for Defendants for the duration of his employment. *See* D.E. 275-1 at 87-91. Plaintiff's spreadsheet indicated that he regularly worked over 100 hours a week. *Id.* The Court explained that these hours appear to be nearly impossible. Recon Op. at 12. But despite this statement, Plaintiff continues to rely on the same spreadsheet. *See* Saiyed Cert., ¶ 41 (referring to pages 87 through 91 of D.E. 275-1 as a "'back-up' for the total overtime hours"). The Court still finds Plaintiff's allegations as to the actual hours worked implausible and Plaintiff's

---

[2] Plaintiff argues that he does not fall into the learned professional exemption to the FLSA's overtime requirements because he was not permitted to exercise discretion when performing his work. *See* D.E. 289-2 at 5-6. The FLSA's minimum wage and overtime requirements do not apply to individuals who work in "a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). New Jersey provides a similar exemption for overtime and minimum wage requirements. N.J. Admin. Code § 12:56-7.1. Among other requirements, a learned professional "must perform work requiring advanced knowledge, . . . which includes work requiring the consistent exercise of discretion and judgment." 29 C.F.R. § 541.301 (a)-(b). Even though Plaintiff is an accountant, based on his description of his responsibilities at work, the Court agrees that Plaintiff does not fall into the learned professional exemption.

repeated representations that he worked more than 100 hours a week are not credible. As the Court previously explained,

> assuming that Plaintiff did work twelve hours a day, seven days a week, Plaintiff worked 84 hours per week – or 44 hours of overtime. Of course, this assumes that Plaintiff was never sick and never missed a day of work. Yet, even this herculean effort would result in 2,288 hours of overtime per year. Here, Plaintiff claims to have worked over an *additional* 1,000 hours of overtime for a year.

Recon. Op. at 12.

The Court, however, does not conclude that Plaintiff did not work any overtime hours. Based on Plaintiff's certifications and statements during the evidentiary hearing, Plaintiff clearly believes that he worked an extraordinary number of hours. The Court clearly identified the perceived shortcomings of Plaintiff's represented hours and provided Plaintiff with multiple opportunities to provide a reasonable estimate of the amount of overtime. Plaintiff repeatedly failed to provide this information. As a result, the Court will lower the number of Plaintiff's overtime hours. Plaintiff testified that he worked twelve hours a day, seven days a week and represents that he was frequently required to work on holidays. Although the Court questions the veracity of Plaintiff's statements, the Court will credit Plaintiff's version of events and concludes that Plaintiff's damages are based on 2,288 hours of overtime per year, which is based on a twelve-hour workday.

Turning to the amount of overtime damages, an employee is entitled to receive one and a half times his regular rate for all hours worked in excess of forty hours. 29 U.S.C. § 207(a)(1). As he did in his motion for reconsideration, Plaintiff bases his overtime calculation on the salary amounts set forth in the USCIS Letters. Saiyed Cert. ¶ 40 (referring the Court to page 85 of D.E. 275-1, which includes a chart outlining Plaintiff's alleged FLSA damages). Although Plaintiff's calculations are not entirely clear, Plaintiff seems to presume that based on his purported contract,

he was a salaried employee who was expected to work a forty-hour workweek. *Id.* But as discussed, Plaintiff does not establish that the USCIS Letters constitute an employment contract. Plaintiff, therefore, cannot rely on the alleged contracts to establish his hourly rate. The Court, therefore, does not have a base rate upon which to calculate time and a half. Again, the Court identified this shortcoming in the Reconsideration Opinion and provided Plaintiff with an opportunity to fix the deficiency. Recon Op. at 12-13. But rather than providing appropriate information, Plaintiff relies on the exact same information that the Court already explained was deficient. Consequently, the Court will presume that Plaintiff made $12.00, which is the minimum wage in New Jersey. *See State Minimum Wage Laws*, U.S. Dept. of Labor, Wage & Hour Division, https://dol.gov/agencies/whd/minimum-wage/state#nj. This means that Plaintiff will be paid $18 for his overtime hours.

In sum, Plaintiff is awarded $82,368 in actual damages for his overtime violation claims. This amount constitutes 2,288 of overtime hours for a two-year period, at a rate of $18 per hour.

In addition, Plaintiff seeks $555,046.05 in liquidated damages for his overtime claims, which is five times his lost wages claim. Saiyed Cert. ¶ 47. Plaintiff provides no legal authority to support this assertion. If an employer violates the overtime and minimum wage provision of the FLSA, an employee is entitled to his "unpaid overtime compensation . . . an in an additional equal amount as liquidated damages." *Davis*, 765 F.3d at 241 (quoting 29 U.S.C. § 216(b)). Liquidated damages are presumed for an FLSA overtime violation. "To avoid mandatory liability for liquidated damages, an employer must show that it acted in good faith and that it had reasonable grounds for believing that it was not violating the Act." *Sec'y United States Dept. of Labor v. Am. Future Sys., Inc.*, 873 F.3d 420, 433 (3d Cir. 2017). There is no indication that any Defendant had reasonable grounds to believe that it was not violating the FLSA. The Court, therefore, will award

liquidated damages, but rejects Plaintiff's argument that he is entitled to five time his lost wages claim. Instead, the Court awards Plaintiff an additional $82,368 in liquidated damages.

Finally, Plaintiff seeks attorney's fees in this matter. D.E. 289-2 at 7. The FLSA provides that a prevailing party is entitled to an award of reasonable attorney's fees. *See* 9 U.S.C. § 216(b). Therefore, as previously discussed, Plaintiff is entitled to his attorney's fees in this instance. Plaintiff seeks $65,562.50 in fees and $2,798.21 in costs, supporting his request with a certification that outlines the services rendered by his attorney in this matter. D.E. 284. The Court concludes that Plaintiff's attorney's fees and costs are reasonable and properly supported. Thus, the Court will award Plaintiff with his requested fees and costs.

### IV.    CONCLUSION

For the reasons set forth above, judgment will be entered for Plaintiff and against Defendants in the amount of $164,736 in damages and $68,360.71 in attorney's fees and costs. An appropriate Order accompanies this Opinion.

Dated:        August 9, 2021

_____
John Michael Vazquez, U.S.D.J.