**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

AMJAD SAIYED,

        *Plaintiff*,

v.

ARCHON, INC., et al.,

        *Defendants*.

Civil Action No. 16-9530

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

    Presently before the Court is Defendants' motion to vacate default judgment. D.E. 295. Plaintiff opposes the motion, D.E. 323, and Defendants filed a brief in reply, D.E. 324. The Court reviewed the submissions made in support of and opposition to the motion[1], and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, Defendants' motion is **DENIED**.

**I.    BACKGROUND**

    This matter pertains to allegations that Defendants subjected Plaintiff to oppressive workplace conditions that Plaintiff tolerated due to fear of deportation. Defendants are two entities that employed Plaintiff, Archon, Inc. and Archon Distribution, Inc., and two individuals that allegedly controlled the entities, Rashid Patel and Mohamed Ashif Gajra.

---

[1] The Court refers to Defendants' initial brief, D.E. 295-3, as "Defs. Br."; Defendants' initial reply, D.E. 301, as "Defs. Initial Reply"; Defendants' supplemental letter, D.E. 316-1, as "Defs. Ltr."; Plaintiff's initial opposition brief, D.E. 300, as "Plf. Opp."; Plaintiff's supplemental brief, D.E. 323, as "Plf. Supp. Br."; and Defendants' reply, D.E. 324, as "Defs. Reply".

In 2018, the Clerk entered default as to the Archon entities due to their failure to plead or otherwise defend. The Clerk entered default as to Patel and Gajra in January 2020, pursuant to Federal Rule of Civil Procedure 37(b)(2), due to their failure to comply with Court orders and defend the case. D.E. 257. On March 23, 2020, Plaintiff filed a motion for default judgment as to all Defendants. D.E. 263. The motion was unopposed. The Court granted default judgment solely as to Patel for Counts Four, Nine, and Ten of the Amended Complaint. The claims pertain to Patel's failure to pay overtime and/or minimum wage under the Fair Labor Standards Act ("FLSA") and the New Jersey Wage and Hour Law ("NJWHL"). This Court otherwise denied Plaintiff's motion for default judgment. As to the dismissed claims, the Court provided Plaintiff with an opportunity to cure the noted deficiencies. D.E. 265.

Plaintiff filed a motion for reconsideration on January 11, 2021, attempting to cure certain deficiencies by providing additional evidence and argument. D.E. 268. Once again, no Defendant opposed Plaintiff's motion. On February 25, 2021, the Court entered an Opinion and Order, stating that upon reconsideration, Plaintiff's motion for default judgment was granted as to all Defendants, and also as to liability for Counts Seven and Eleven. Counts Seven and Eleven pertain to Plaintiff's wage statements and rate of pay. D.E. 273, 277. The Court, however, denied Plaintiff's motion for default judgment with respect to damages because it questioned Plaintiff's documentary support. The Court directed Plaintiff to provide adequate written support for his damages claims and scheduled a hearing to address Plaintiff's damages. *Id.*

On June 3, 2021, the Court held a hearing via videoconference to address Plaintiff's damages. D.E. 285. No Defendant participated in the hearing. During the hearing, the Court granted Plaintiff leave to file additional documents to support his claim for damages. On July 6,

2021, Plaintiff filed an additional certification and brief to support his requested damages. D.E. 289. This Court partially awarded Plaintiff's requested damages. D.E. 292.[2]

Plaintiff, appearing *pro se*, filed an appeal.[3] D.E. 293. Defendants filed a motion to vacate default judgment. D.E. 295. Because of Plaintiff's pending appeal, this Court determined that it was divested of jurisdiction and denied Defendants' motion to vacate the default judgment. D.E. 302. Defendants appealed this Order. D.E. 303. On January 10, 2023, the Third Circuit remanded Defendants' appeal "for the limited purpose of adjudicating [Defendants'] motion to vacate judgment." D.E. 308. As a result, this Court entered an Order reinstating the motion to vacate and setting a briefing schedule. D.E. 313. Plaintiff, however, requested an extension of time to find an attorney. D.E. 312. This Court terminated the reinstated motion and provided Plaintiff with approximately four months to find an attorney. D.E. 314, 318, 320. On May 15, 2023, Plaintiff filed a letter requesting an additional ninety days to hire an attorney. D.E. 321. The Court denied Plaintiff's request, directed the Clerk's Office to reinstate the motion to vacate default judgment, and set a new briefing schedule. D.E. 322. Plaintiff filed a brief in opposition,[4] D.E. 323, and also relies on his initial opposition to Defendants' motion to vacate, which was filed by his former

---

[2] The Court initially entered judgment for Plaintiff on August 11, 2021 for $233,086.71. D.E. 291. Due to a calculation error, the Court entered an amended judgment for $233,096.71 on August 16, 2021. D.E. 292.

[3] Plaintiff appealed the default judgment to the Federal Circuit. D.E. 293. The Federal Circuit transferred Plaintiff's appeal to the Third Circuit because it was outside of the Federal Circuit's jurisdiction. D.E. 305. The Third Circuit ultimately dismissed Plaintiff's appeal on September 1, 2022 because Plaintiff failed to pay the filing fee or file a motion for leave to proceed *in forma pauperis*. D.E. 307.

[4] In his opposition brief, Plaintiff asks for additional time to find an attorney and seeks to revisit the damages calculation from his motion for default judgment. Plaintiff's request for additional time is once again denied. Further, with respect to his arguments about the amount of damages, Plaintiff provides no legal basis to justify revisiting the amount of the default judgment at this time.

attorney, D.E. 300.  Defendants rely on their initial papers in support of their motion, D.E. 295, 301, and filed a supplemental letter, D.E. 316-1, and reply brief, D.E. 324.

## II.     LEGAL STANDARD

Defendants seek to vacate the default judgment pursuant to Federal Rule of Civil Procedure 60(b), arguing that multiple grounds provide a basis for their requested relief.  Rule 60(b) "allows a party to seek relief from a final judgment and request the reopening of his case, under a limited set of circumstances including fraud, mistake, newly discovered evidence, or any reason justifying relief."  *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005).  Specifically, the rule provides that "the court may relieve a party . . . from a final judgment, order, or proceeding" on six specifically enumerated grounds. Fed. R. Civ. P. 60(b).  But "Rule 60(b) motions are viewed as 'extraordinary relief which should be granted only where extraordinary justifying circumstances are present.'" *Kiburz v. Sec'y, U.S. Dep't of the Navy*, 446 F. App'x 434, 436 (3d Cir. 2011) (quoting *Bohus v. Beloff*, 950 F.2d 919, 929 (3d Cir. 1991)).

## III.    ANALYSIS

### 1.  Rule 60(b)(5)

Defendants represent that their "preference" is for this Court to vacate the default judgment pursuant to Federal Rule of Civil Procedure 60(b)(5).  *See* Defs. Ltr.  Rule 60(b)(5) provides that a court may relieve a party from a final judgment if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable. Fed. R. Civ. P. 60(b)(5).  Defendants maintain that a state court judgment they obtained against Plaintiff in a separate matter should be used to off-set the default judgment entered in this matter.  Defs. Ltr.  Specifically, Defendants argue that

because their state court judgment exceeds the default judgment amount, the state court judgment satisfies the default judgment. Defs. Br. at 11.

Relief under Rule 60(b)(5) is discretionary. *Savitsky v. Mazzella*, 318 F. App'x 131, 133 (3d Cir. 2009) ("Rule 60(b) does not obligate district courts to mark judgments as satisfied; rather it gives them the discretion to do so."). Defendants' state court judgment was recorded as a lien against Plaintiff in 2016. *See* Patel Cert., Ex. A. However, three of the four Defendants in this matter were not parties to the state court matter. *Id.* Moreover, the issue of whether Defendants are entitled to a set-off because of their state court judgment is already before a state court.[5] *See* Bray Supp. Cert., Ex. A. As a result, this Court will not exercise its discretion pursuant to Rule 60(b)(5) to address whether the default judgment is satisfied by the state court judgment.

Defendants also contend that "it is no longer equitable to apply the Federal Judgment prospectively." Defs. Br. at 11. A prospective judgment under Rule 60(b)(5) envisions a restraint of future conduct. *United States v. Alsol Corp.*, 620 F. App'x 133, 135 (3d Cir. 2015). A party "seeking relief from payments that are due or scheduled to become due . . . do[es] not meet this prospective requirement." *Id.* Consequently, Rule 60(b)(5) is unavailable to Defendants on this ground. Defendants' motion, therefore, is denied with respect to their Rule 60(b)(5) arguments.

 2. **Rule 60(b)(3)**

Defendants also argue that they are entitled to relief under Rule 60(b)(3) because Plaintiff's representations that he did not exercise discretion when performing his job and that he worked an inordinate amount of overtime hours were false. Def. Br. at 10. Rule 60(b)(3) permits a district court to relieve a party from a final judgment for "fraud . . . , misrepresentation, or misconduct by

---

[5] This state court matter is presently stayed, pursuant to N.J. Stat. Ann. § 2A:49A-29(a), pending disposition of this motion and Defendants' appeal of the default judgment. Bray Supp. Cert., Ex. A at 2.

5

the opposing party." Fed. R. Civ. P. 60(b)(3). To prevail under Rule 60(b)(3), the movant must "establish, by clear and convincing evidence, that [the adverse party] engaged in fraud or other misconduct, and that this misconduct prevented [the moving parties] from fully and fairly presenting their case." *Heriveaux v. Durkin & Durkin, LLC*, 841 F. App'x 501, 504 (3d Cir. 2021) (internal citations omitted). This Court found Plaintiff's representations about the number of hours that he worked implausible and not credible. As a result, the Court lowered the number of overtime hours in its damages computation. Aug. 11, 2021 Opinion at 5-6. Because the Court did not fully credit Plaintiff's argument as to his overtime hours, which Defendants acknowledge, *see* Def. Br. at 10, this is not an appropriate basis for relief under Rule 60(b)(3).

As for Defendants' argument about Plaintiff's representations about his lack of discretion, Defendants fail to establish how this purported misconduct prevented them from fully and fairly presenting their case. Rather, Defendants made a deliberate decision to stop defending the claims asserted against them. Defendants had numerous opportunities to demonstrate that Plaintiff is exempt from the FLSA but chose not to do so.[6] In fact, default was entered against Defendants Patel and Gajra as a sanction pursuant to Rule 37(b)(2). *See* D.E. 254, 257. Consequently, any prejudice appears to stem from Defendants', not Plaintiff's conduct. The Court will not grant Defendants relief pursuant to Rule 60(b)(3).

---

[6] Defendants maintain that Plaintiff is exempt from the FLSA's overtime requirements through the learned professional exemption. Def. Br. at 10 n.5. This exemption applies when an employee's primary duty is "the performance of work requiring advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction." 29 C.F.R. § 541.301(a). For a position to require advanced knowledge, the "work must be 'consistent [with an] exercise of discretion and judgment,' as distinguished from the 'performance of routine mental, manual, mechanical or physical work.'" *Karali v. Branch Banking & Trust Co.*, No. 16-2093, 2018 WL 4676073, at *8 (D.N.J. Sept. 28, 2018) (quoting 29 C.F.R. § 541.301(b)).

### 3. Rule 60(b)(1)

Finally, Defendants contend that the default judgment should be vacated under Rule 60(b)(1) because this Court entered judgment without providing notice to Defendants. *See* Def. Br. at 6-9. Rule 60(b)(1) permits a court to relieve a party from final judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). Mistake includes errors by a judge. *Kemp v. United States*, 142 S. Ct. 1856, 1862 (2022). Defendants maintain that they never received notice of the June 3 damages hearing. Defendants continue that because they did not have notice, this Court entered default judgment in violation of Federal Rule of Civil Procedure 55(b). Def. Br. at 6-8. Rule 55(b) provides that before entering default judgment against a party, the party must be served with written notice at least seven days before the hearing. Fed. R. Civ. P. 55(b)(2).

Again, the Clerk entered default against Defendants Patel and Gajra, pursuant to Federal Rule of Civil Procedure 37(b)(2), after they failed to respond to court orders and defend the case. As explained by Judge Clark, while both Defendants initially participated in this matter, they stopped responding in 2019. *See* R&R Opinion at 1-2, D.E. 254. It appears that Patel and Gajra consciously decided to cease participation in this matter. Despite this deliberate action, this Court and Plaintiff's attorney continued to provide Gajra and Patel notice of the ongoing proceedings related to default judgment. Critically, Plaintiff provided Defendants with his initial motion for default judgment, D.E. 263, and this Court mailed to Patel and Gajra a copy of the Order partially granting Plaintiff's motion for reconsideration and indicating that there would be a hearing as to Plaintiff's damages, D.E. 273. Defendants also received notice of the initial default judgment opinion and order, D.E. 264-65, Plaintiff's motion for reconsideration, D.E. 268-5, and Plaintiff's amended certification in support of the proof damages hearing scheduled for June 3, 2021, D.E.

7

284-1. Moreover, Defendants received notice of further submissions from Plaintiff after the June 3 hearing.[7]  D.E. 286, 289.  Finally, Patel and Gajra represent that they only learned of the June 3 hearing through their present counsel.  *See* Gajra Cert. ¶ 4, Patel Cert. ¶ 7.  Although Patel and Gajra were participating in this matter *pro se*, their present counsel and attorney on appeal was listed as Defendants' attorney of record for the duration of this litigation.

Although Plaintiff cannot clearly demonstrate that Defendants had actual notice of the damages hearing because his former attorney mailed the documents via regular mail, at a minimum, Defendants had constructive notice of the ongoing proceedings related to default judgment.  Defendants cannot use their prior decision to not participate to their advantage now.  Defendants were provided with numerous opportunities to raise the defenses they now contend that they would have raised during the damages hearing.  Instead, Patel and Gajra made a deliberate decision not to participate.  This Court will not reward Defendants' gamesmanship by vacating the default judgment for lack of notice.  In short, there was no mistake or neglect.  Therefore, the Court will not vacate the default judgment decision pursuant to Rule 60(b)(1).

---

[7] Gajra and Patel were largely provided with notice via regular or certified mail.  Defendants note that in 2018, Judge Clark directed Plaintiff's attorney to serve Defendants by certified mail after they represented that they were not receiving notice of filings.  *See* Apr. 16, 2018 Tr. at 15:20-23.  Some time later, however, Gajra began to refuse accepting certified mail, D.E. 258, and other mail to Patel and Gajra was marked as "unclaimed," D.E. 256, 260.  Both Defendants previously received mail at their listed addresses, *see, e.g.*, Farhi Cert. ¶¶ 16-22, 55-77, D.E. 300-1 (outlining multiple mailings that Defendants do not deny receiving), and there is no indication that either has a different address.  As this Court previously explained, Local Civil Rule 10.1(a) "provides that unrepresented parties must apprise the Court of any change of address."  Jan. 9, 2020 Order at 1 n.1.  Defendants have not done so.  Further, Plaintiff's former counsel represents that Patel and Gajra were personally served with notice of the motion for reconsideration at their listed addresses, D.E. 268-5, and Patel accepted mail after other mail was returned as unclaimed, D.E. 274.  Accordingly, this Court is incredibly dubious of Defendants' claim that they did not receive a key mailing.

8

## IV. CONCLUSION

Therefore, for the reasons set forth above and for good cause shown,

IT IS on this 23rd day of June, 2023

**ORDERED** that Defendants' motion to vacate (D.E. 295) is **DENIED**; and it is further

**ORDERED** that the Clerk's Office is directed to mail a copy of this Opinion & Order to Plaintiff via regular mail and certified mail.

_____
John Michael Vazquez, U.S.D.J.