<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AMJAD SAIYED,<br><br>                    Plaintiff,<br><br>v.<br><br>ARCHON, INC., ARCHON DISTRIBUTION, INC., RASHID PATEL, and ASHIF GAJRA,<br><br>                    Defendants. | Case No. 2:16-cv-09530-BRM-JBC<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Plaintiff Amjad Saiyed's ("Plaintiff") Motion for Reconsideration ("Motion") (ECF No. 347) of the Court's Order ("Order") (ECF No. 346) issued on July 18, 2024, adopting a Report and Recommendation ("R&R") (ECF No. 339) by the Hon. Judge James B. Clark, III, U.S.M.J. ("Judge Clark"), in which Judge Clark recommended that Plaintiff's Motion seeking certain discovery and to enforce litigant's rights ("Motion") (ECF No. 327) be denied. Plaintiff filed this Motion on August 6, 2024, as a letter requesting reconsideration of the Order, followed by another letter requesting an update on this matter on November 5, 2024. (ECF No. 348.) Having reviewed the parties' submissions filed in connection with this motion, for the reasons set forth below and for good cause having been shown, Plaintiff's Motion for Reconsideration (ECF No. 347) is **DENIED**.

**I.   BACKGROUND**

The factual and procedural backgrounds of this matter are well-known to the parties and were previously recounted in prior opinions and orders, including: (1) granting Plaintiff's Motion to file an Amended Complaint (ECF No. 172); (2) granting in part and denying in part Plaintiff's

1

Motion for Default Judgment (ECF No. 264); (3) granting in part and denying in part Plaintiff's Motion for Reconsideration of the default judgment opinion (ECF No. 277); (4) granting in part and denying in part Plaintiff's request for damages (ECF No. 290); (5) denying Defendants' Motion to Vacate Default Judgment (ECF No. 325); and (6) adopting Judge Clark's R&R in its entirety (ECF No. 346). Accordingly, the Court will address only the procedural history associated with this appeal.

This appeal arises from a dispute over Plaintiff's motion seeking certain discovery and to enforce litigant's rights regarding Defendants' failure to comply with Information Subpoenas served by Plaintiff for purposes of collecting on the Court's damages award of $233,096.71. (ECF No. 327.) Judge Clark issued the R&R recommending the Court deny Plaintiff's motion as moot on March 27, 2024. (ECF No. 339.) Plaintiff objected to the R&R in a letter filed on April 10, 2024. (ECF No. 342.) On July 18, 2024, the Court issued an Order adopting Judge Clark's R&R in full and denying Plaintiff's Motion. (ECF No. 346.) The R&R recommended denying Plaintiff's motion as moot on the grounds that "there is no need for further discovery related to the Federal Judgment for which this motion was filed because [it] has been fully satisfied." (ECF No. 329 at 4.) In explaining its ruling, the Order adopting the R&R stated:

> The parties were given the opportunity to respond or object to Judge Clark's Report and Recommendation by April 10, 2024, pursuant to L. Civ. R. 72. On April 10, 2024, Plaintiff objected to Judge Clark's Report and Recommendation stating the Federal Judgment cannot be "offset" as to three of the four Defendants because they were not parties to the State Court Chancery Judgment. (ECF No. 342 at 3.) On April 25, 2024, Defendants responded to Plaintiff's objection noting that the Honorable John M. Vazquez, U.S.D.J. (ret.) decided not to exercise the Court's discretion in determining whether to "offset" the judgments as the issue was already before the state court. (ECF No. 343 at 3.) The State Court issued the ruling offsetting the judgments, which Plaintiff appealed and lost. (*Id.*)

2

(ECF No. 346 at 2.) Plaintiff filed the Motion for Reconsideration of the Court's Order on August 6, 2024. (ECF No. 347.) On November 5, 2024, Plaintiff submitted a letter requesting an expedited ruling on the Motion. (ECF No. 348.)

## II.  LEGAL STANDARD

While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i). *See Dunn v. Reed Grp., Inc.*, Civ. No. 08–1632, 2010 WL 174861, at *1 (D.N.J. Jan 13, 2010). The comments to that Rule make clear, however, that "reconsideration is an extraordinary remedy that is granted 'very sparingly.'" L. Civ. R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, Civ. No. 03-3988, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003)); *see also Langan Eng'g & Env't Servs., Inc. v. Greenwich Ins. Co.*, Civ. No. 07–2983, 2008 WL 4330048, at *1 (D.N.J. Sept. 17, 2008) (explaining that a motion for reconsideration under Rule 7.1(i) is "'an extremely limited procedural vehicle,' and requests pursuant to th[is] rule[] are to be granted 'sparingly'") (citation omitted); *Fellenz v. Lombard Inv.t Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005).

A motion for reconsideration "may not be used to re-litigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Instead, Local Civil Rule 7.1(i) directs a party seeking reconsideration to file a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge has overlooked." L. Civ. R. 7.1(i); *see also Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001) ("The word 'overlooked' is the operative term in the Rule.").

To prevail on a motion for reconsideration, the moving party must file the motion within 14 days of the entry of order or judgment showing at least one of the following grounds: "(1) an

intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe v. Quinteros*, 176 F. 3d 669, 677 (3d Cir. 1999); *see also N. River Ins. Co. v. CIGNA Reinsurance, Co.*, 52 F. 3d 1194, 1218 (3d Cir. 1995) (internal quotations omitted). A court commits clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09–4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F. 3d 591, 603–04 (3d Cir. 2008). "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* Moreover, when the assertion is that the Court overlooked something, the movant must point to some dispositive factual or legal matter that was presented to the Court. *See* L. Civ. R. 7.1(i).

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld*, 161 F. Supp. 2d at 353); *see also United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1988); *Schiano v. MBNA Corp.*, Civ. No. 05–1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process . . . .") (citations omitted).

**III.     DECISION**

Plaintiff moves[1] for reconsideration of the Court's Order on the grounds the state court overlooked an alleged fact, and that reconsideration is needed to prevent manifest injustice. (ECF No. 347 at 1.) Specifically, Plaintiff argues the Order should be reversed because the fact that the federal judgment allegedly concerned "'3 different parties, who are not parties in the State court case' [was] neglected." (*Id.*) Plaintiff claims Defendants misrepresented facts to the Court and offers as evidence a single statement from an order issued by Judge John M. Vazquez, U.S.D.J. (ret.) stating, "three of the four Defendants in this matter were not parties to the state court matter." (*Id.* at 2.) The statement was made in the context of explaining why the Court declined to exercise its discretion under Fed. R. Civ. P. 60(b)(5) to address the issue of whether a default judgment in federal court is satisfied by a state court judgment. (*Id.*) Additionally, Plaintiff contends the Court did not "consider[] and take[] proof [of] Archon Distribution, Inc.['s] existence and identify before offsetting" the state and federal court damages awards, which he argues should have precluded offsetting the damages awards in the state and federal court judgments. (*Id.* at 2–3.) Plaintiff also points to considerable personal hardships he and his family have endured to argue reconsideration is appropriate to prevent injustice. (*Id.* at 3.) Defendants have not filed any replies.

Here, Plaintiff directs the Court's attention to facts that were already present when the Order, and underlying R&R it adopted, was issued. The Order noted the issue of offsetting the judgments was already before the state court. (ECF No. 346 at 2.) As such, the issue is firmly

---

[1] Plaintiff's Motion was filed 19 days after the Order, and therefore it technically violates the 14-day deadline in L. Civ. R. 7.1(i). However, because Plaintiff is *pro se*, the Court will review his motion as though it had been timely made. *See Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (recognizing that "a court must make reasonable allowances to protect *pro se* litigants from the inadvertent forfeiture of important rights due merely to their lack of legal training").

within the jurisdiction of the state court, and it would be inappropriate for this Court to weigh in.[2] For this reason, the R&R correctly found "'no need for any further discovery related to the Federal judgment,' as the judgment had been fully satisfied[,]" and, again, is not a matter before this Court. (*Id.* at 3.) Plaintiff's arguments highlighting that the defendants are not the same parties in the state and federal actions, and the circumstances of his personal hardships, should be raised in state court. Given the state court has already "issued the ruling offsetting the judgments, which Plaintiff appealed and lost," there is nothing further for this Court to do. (ECF No. 346 at 2 (citing ECF No. 339 at 3–4).) The Order, relying on the R&R, was correct on both the facts and the law. Plaintiff fails to carry his burden to obtain the extraordinary remedy of reconsideration. Accordingly, Plaintiff's motion is denied.

### IV. CONCLUSION

For the reasons set forth above, and for good cause appearing, Plaintiff's Motion for Reconsideration (ECF No. 347) is **DENIED**. An appropriate order follows.

Date: February 3, 2025                     /s/ *Brian R. Martinotti*
                                           **HON. BRIAN R. MARTINOTTI**
                                           **UNITED STATES DISTRICT JUDGE**

---

[2] The Supremacy Clause found in Article VI of the U.S. Constitution does not empower the Court to act in this matter because the issue before the Court does not involve the validity of state law as applied to federal law. *Hillsborough Cnty., FL v. Automated Med. Lab'ys, Inc.* 471 U.S. 707, 712 (1985) ("[T]he Supremacy Clause, U.S. Const., Art. VI, cl. 2, invalidates state laws that 'interfere with, or are contrary to,' federal law.") (citing *Gibbons v. Ogden*, 22 U.S. 1, 211 (1824)).